[No. C036049. Third Dist. May 22, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE FRANCISCO MEDINA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III.

## COUNSEL

George Bond and Deborah Prucha, under appointments by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HULL, J.**—Following defendant's plea of no contest to felony vandalism (Pen. Code, § 594, subd. (b)(2); further undesignated section references are to the Penal Code), the trial court imposed the upper term of three years in state prison but suspended execution of sentence and placed defendant on probation. Shortly thereafter, defendant admitted violating probation and the trial court imposed the previously suspended sentence. In doing so, the trial court believed it lacked discretion to reinstate defendant to probation.

Defendant appeals contending the trial court failed to recognize its discretion to reinstate defendant on probation. Defendant also contends the trial court erred in imposing a different restitution fine upon revocation of probation. We find both contentions meritorious and reverse.

### FACTS AND PROCEDURAL HISTORY

In December 1999, defendant pleaded no contest to felony vandalism based on an incident in which he and his cohorts smashed numerous car windows. Defendant was sentenced to three years in state prison, but the trial court suspended execution of the sentence and admitted defendant to probation with terms and conditions requiring that he: (1) submit to search, (2) not associate with known gang members, and (3) pay a restitution fine of $200.

In March 2000, a probation search of defendant's home revealed evidence of numerous violations of probation, including the presence of gang members and marijuana. The district attorney's office filed a petition to revoke defendant's probation and defendant admitted the violation.

At sentencing on the probation violation, defense counsel, Jeffrey Thompson, asked the court to reinstate probation with substantial jail time. The prosecutor, Gary Brower, urged the court to follow the probation report, which recommended revocation of probation and imposition of the previously suspended prison term. The trial judge responded: "[E]ven though I'm more in agreement with Mr. Thompson's position on behalf of his client, *I don't believe I have any legal recourse other than to—once he violates probation is to sentence him to state prison, because the sentence has already been passed.*" (Italics added.)

Defense counsel argued that, while the court had no discretion to change the sentence already imposed, it retained the power to reinstate probation. The prosecutor responded: "Your honor, I believe counsel is correct. Basically if sentence has been imposed, then there only remains to be the execution. He'd need modification. Therefore, the original sentence regardless of reinstatement on probation, I don't think the Court has a choice at this point."

The trial judge concluded: "It's the Court[']s belief based upon what I've just been advised, Counsel, *I have no authority.* And I guess this is one of the

reasons I hate to come on to sentence where *I have no discretion* because of what a prior judge has done." (Italics added.) The judge continued: "[B]ut for the suspension, the execution of sentence, I'll have it on the record that *I would probably grant him probation* in all these cases with substantial amounts of jail time, but that's not going to be the case." (Italics added.) The court "permanently revoked" defendant's probation, imposed the previously suspended three-year prison term, imposed a restitution fine of $600 and suspended an additional fine of $600 pursuant to section 1202.45.

## DISCUSSION

### I

### *Authority to Reinstate Probation*

In granting probation, a trial court may either suspend the imposition of sentence or impose sentence and suspend its execution. (§ 1203.1, subd. (a).) Section 1203.2, subdivision (a), provides that, when a person is brought before the court on a violation of probation, "the court may revoke and terminate such probation if the interests of justice so require . . . ." Although section 1203.2 does not expressly state that a defendant may be "reinstated" on probation, numerous cases have recognized that the court's authority to modify probation necessarily presumes the power to reinstate it. (See *People v. Jones* (1990) 224 Cal.App.3d 1309, 1315 [274 Cal.Rptr. 527]; accord, *People v. Hawthorne* (1991) 226 Cal.App.3d 789, 792 [277 Cal.Rptr. 85], *People v. Harris* (1991) 226 Cal.App.3d 141, 147 [276 Cal.Rptr. 41]; *People v. Pennington* (1989) 213 Cal.App.3d 173, 175-176 [261 Cal.Rptr. 476].) The issue presented in this appeal is whether this discretionary power to reinstate probation is lost where probation was originally granted after imposition of sentence. We conclude it is not.

The language of section 1203.2, subdivision (a), draws no distinction between probation granted upon suspension of imposition of sentence and that granted upon suspension of execution of sentence. Section 1203.2, subdivision (b), contains the sentencing alternatives available to the court following a violation of probation. It provides that upon a motion or petition to modify, revoke, or terminate probation and upon receipt of a written report from the probation department, the court "may modify, revoke, or terminate the probation of the probationer upon the grounds set forth in subdivision (a) if the interests of justice so require." Subdivision (b), like subdivision (a), of section 1203.2 does not distinguish between cases in which the imposition of sentence is suspended and those in which the execution of sentence is suspended.

Until 1991, California Rules of Court, rule 435(a),[1] provided that, when sentencing on a violation of probation, the court could make any disposition authorized under section 1203.2 "including continuation on probation with a modification of the terms thereof." This rule was amended in 1991, and now provides: "[T]he sentencing judge may make any disposition of the case authorized by statute." The Advisory Committee comment to the amendment makes clear there was no intent to change the court's power, upon finding cause to revoke and terminate probation, to reinstate and continue a defendant on probation thereafter. Neither version of rule 435(a) distinguishes between an execution-suspended and an imposition-suspended sentence.

In *People v. Latham* (1988) 206 Cal.App.3d 27, 29 [253 Cal.Rptr. 379], which involved a revocation of probation following a suspended execution of a prison term, the court, in dicta, said: "Upon the decision to revoke probation, the trial court ha[s] three available options: to reinstate probation on the same terms; to reinstate probation with modified terms; or to terminate probation and commit the probationer to prison pursuant to the original sentence."

The People argue that, under *People v. Howard* (1997) 16 Cal.4th 1081 [68 Cal.Rptr.2d 870, 946 P.2d 828], once the trial judge revoked defendant's probation, it had no choice but to impose the suspended prison term. Initially, we note the record before us does not reflect defendant's probation had been revoked, other than summarily, when he appeared for sentencing. Thus, even if we were to accept the People's argument that once the word "revocation" is uttered, the court has no option other than to impose a previously suspended sentence, the court had not reached that point in this case.

But even if defendant's probation had been revoked, the People's reliance on *Howard* is misplaced. In *Howard*, the state high court stated: "On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations] . . . ." (*People v. Howard, supra,* 16 Cal.4th at p. 1088.) However, this language followed the court's analysis of subdivision (c) of section 1203.2 and rule 435(b), which are provisions governing the prison term that a court may impose once it decides to revoke *and* terminate probation. In circumstances where sentence was imposed previously, the court has no discretion but to impose that term.

Although the court in *Howard* said the previously suspended sentence must be imposed "[o]n revocation of probation," we do not read this

[1]California Rules of Court, rule 435 was renumbered as rule 4.435 as of January 1, 2001; references to rule 435 are to this rule. Further undesignated references to rules are to the California Rules of Court.

language as ignoring the additional requirement that probation be terminated. The issue in that case was not whether a court has authority to reinstate probation where the execution of sentence was suspended, but whether a court that has already decided not to reinstate probation has authority to impose a different prison term than that imposed previously.

Neither section 1203.2 nor rule 435 mandates imposition of a prison term unless probation is both revoked *and terminated.* Neither the statute nor the rule makes any distinction between a situation in which the *imposition* of sentence is suspended and one in which the *execution* is suspended. Even if these provisions were considered to be ambiguous in this regard, such ambiguity must be resolved as favorably to defendant as their language and circumstances reasonably permit. (*People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].)

We are cognizant that, when a judge suspends execution of a prison term, the message being conveyed is that the defendant is on the verge of a particular prison commitment. Nonetheless, upon violation and revocation of probation under such circumstances, the sentencing court retains discretion to reinstate probation.

## II, III*

. . . . . . . . . . . . . . .. . . . . . . . . . . . . . .

## Disposition

The judgment revoking defendant's probation is affirmed. The sentence is vacated and the matter remanded to the trial court with directions to exercise its discretion whether to reinstate probation. The $600 restitution fine and suspended parole revocation fine are stricken.

Sims, Acting P. J., and Nicholson, J., concurred.

*See footnote, *ante,* page 318