Filed 1/13/14  P. v. Emery CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047524 |
| v. | (Super. Ct. No. 11NF3404) |
| KRISTIN LUCK EMERY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Nicholas S. Thompson, Judge.  Affirmed and remanded with directions for resentencing.

Renée Paradis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Kristin Luck Emery pleaded guilty to offenses involving driving under the influence of alcohol and driving with a revoked driver's license. The trial court imposed a total prison term of five years for one of the felony driving under the influence offenses, but suspended execution of that sentence and placed Emery on five years' formal probation. After Emery violated terms of her probation, the court revoked and terminated her probation, and ordered her to serve the previously suspended five-year sentence it had imposed. Emery contends the trial court erroneously believed that upon finding Emery in violation of her probation, the court lacked discretion to reinstate her probation.

We affirm the judgment revoking Emery's probation. Because our record shows the trial court was unaware of its discretion to reinstate probation, we remand the matter to the trial court with directions to exercise its discretion whether to reinstate Emery's probation.

BACKGROUND

In November 2011, Emery was charged in a felony complaint with (1) violating Vehicle Code section 23152, subdivision (a), by driving under the influence of alcohol/drugs, after having suffered a felony conviction for violating section 23152, within the previous 10 years (count 1); (2) violating section 23152, subdivision (b), by driving with a blood alcohol concentration of 0.08 percent or more, after having previously suffered a felony conviction for violating section 23152 (count 2); and (3) driving with a suspended or revoked license with a prior conviction, in violation of Vehicle Code section 14601.2, subdivision (a). As to counts 1 and 2, the felony complaint alleged that pursuant to Vehicle Code section 23538, subdivision (b)(2), Emery had a blood alcohol concentration of at least 0.20 percent. As to count 3, the felony complaint alleged Emery was previously convicted of two violations of

2

section 14601.2, subdivision (a). The felony complaint also contained three prior prison term allegations pursuant to Penal Code section 667.5, subdivision (b).

Emery pleaded guilty to all counts and admitted all the allegations of the felony complaint. As to count 1, the trial court imposed the upper term of three years and two one-year terms for two of the prior prison term allegations. The court stayed execution of the five-year total sentence on count 1 and placed Emery on five years' formal probation. The court stayed imposition of sentence on count 3, and stayed execution of sentence pursuant to Penal Code section 654 on count 2.

In April 2012, the chief probation officer filed a petition for arraignment on probation violations (the petition), alleging that Emery violated two conditions of her probation. First, the petition alleged that on March 5, 2012, Emery violated the probation condition that she "[v]iolate no laws" because she was found in possession of an open bottle of vodka in a public place, in violation of Anaheim Municipal Code section 7.16.010.010.

The petition also alleged Emery violated the probation condition that she "not consume any alcoholic beverages or drugs without a prescription." In support of that allegation, the petition stated that on March 19, 2012, Emery left a message for the deputy probation officer, stating she would not be able to keep her appointment for that day at the probation department because she was getting admitted into the "Roque detox program." Later that day, Emery's boyfriend contacted the deputy probation officer and told her Emery was drunk and did not go to the Roque Center. An officer from the Buena Park Police Department and the deputy probation officer made an unannounced visit to Emery's residence and found Emery lying in bed. Emery was directed to submit to a breathalyzer test; she complied, and the results of the test showed a blood alcohol concentration of 0.25 percent. The deputy probation officer recommended revocation of Emery's probation and execution of the previously suspended sentence.

3

In August 2012, the chief probation officer filed a supplemental petition for arraignment on other probation violations, alleging that Emery violated probation by failing to complete a one-year-long residential program in a probation-approved drug/alcohol program and by failing to report to the probation department after she was discharged from a residential program.

Following a contested probation violation hearing, the trial court found Emery in violation of the conditions of probation because she consumed alcohol and failed to report to the probation department on three separate occasions. The court terminated Emery's probation and ordered her to serve the five-year sentence previously imposed on count 1. Emery appealed.

DISCUSSION

Emery does not challenge the trial court's findings that she violated conditions of her probation. She solely argues the trial court erroneously believed that upon finding Emery in violation of her probation, it had no discretion to reinstate her probation. She argues the trial court thus erred by failing to exercise its discretion, and, instead, automatically executed the five-year sentence it had previously imposed. We agree.

In *People v. Medina* (2001) 89 Cal.App.4th 318, 321 (*Medina*), the appellate court stated: "In granting probation, a trial court may either suspend the imposition of sentence or impose sentence and suspend its execution. ([Pen. Code,] § 1203.1, subd. (a).) Section 1203.2, subdivision (a), provides that, when a person is brought before the court on a violation of probation, 'the court may revoke and terminate such probation if the interests of justice so require . . . .' Although section 1203.2 does not expressly state that a defendant may be 'reinstated' on probation, numerous cases have recognized that the court's authority to modify probation necessarily presumes the

4

power to reinstate it. [Citations.]"[1] When a trial court "suspends execution of a prison term, the message being conveyed is that the defendant is on the verge of a particular prison commitment. Nonetheless, upon violation and revocation of probation under such circumstances, the sentencing court retains discretion to reinstate probation." (*Medina*, *supra*, at p. 323.) "Reinstatement of probation, however, requires a determination by the trial court that the interests of justice so require. [Citation.] What the interests of justice require in a particular case constitutes a question uniquely addressed to the broad judicial discretion of the trial court." (*People v. Stuckey* (2009) 175 Cal.App.4th 898, 916.)

At the probation violation hearing, the trial court stated: "The court is interested in [Emery's counsel's] statement on the record and [the] People's position, as well as the position of the probation department, regarding, number one, whether or not specific terms of probation were violated; and, number two, whether or not the defendant irrespective of—if there is a belief that a probation violation occurred, whether or not the defendant, irrespective of the violations, is amenable for continued probation." The prosecutor responded by stating that the evidence showed Emery violated her probation and asked the court "to impose the full five-year E.S.S. term at this time. And that's pursuant to *People v. Howard*[ (1997)] 16 Cal.4th 1081." The prosecutor further stated: "Your Honor, we believe that the imposition of that five-year term is required by that case at this time, if the court is to find Miss Emery in violation of her probation." The probation department representative at the hearing concurred in the prosecutor's statements.

Emery's counsel acknowledged that Emery violated probation. As to the court's resolution of the probation violation, Emery's counsel argued that in *People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*), "there's a distinction between the stay of

---

[1] Penal Code section 1203.2, subdivision (a) has since been amended to now state, in relevant part, "the court may revoke and terminate the supervision of the person if the interests of justice so require."

execution and the stay of the—not execution, but the stay of the actual sentence itself, and I think in *Howard* it mentions that, and I think that this case, judging from the sentencing transcript that the court mentioned, did not mention the stay of execution, but it mentioned two different occasions that it was a sentence that was going to be stayed. [¶] My point is I think the court is not bound by *Howard*. I think the court has the authority to do whatever it feels is appropriate." (First italics added.)

In *Howard*, *supra*, 16 Cal.4th at page 1084, the California Supreme Court held: "If the court has suspended imposition of sentence and later revokes the defendant's probation, then the court has undisputed authority to choose from all the initially available sentencing options. [Citation.] If instead the court actually imposes sentence but suspends its execution on granting probation, and the sentence becomes final and nonappealable, does the court retain similar authority to impose a new sentence different from the one previously imposed? [¶] . . . We conclude that if the trial court has suspended *imposition* of sentence, it ultimately may select any available sentencing option. However, if, as here, the court actually imposes sentence but suspends its *execution*, and the defendant does not challenge the sentence on appeal, but instead commences a probation period reflecting acceptance of that sentence, then the court lacks the power, at the precommitment stage [citation], to reduce the imposed sentence once it revokes probation."

Here, after finding Emery in violation of her probation, the trial court stated it "has to balance now what its obligations are under the law, and this court is committed to following the law, however difficult that may be." The court further stated: "I believe that *People versus Howard* is controlling, and this court has taken the position that if terms are violated when execution of sentence is suspended, when a violation occurs, that that sentence must be imposed. The only exception to that would be if there's an agreement by all sides that some modification or other terms of sentence would be available. [¶] The court explored the equities of that as well as the legal right or

6

opportunity for the court to do that, and it does appear from that case, and the court is going to rely upon the *People versus Howard* case, that once the court—and I do find that the defendant was in violation—that now the prior execution of that judgment must be imposed. Therefore, the court, regrettably, now revokes probation permanently, imposes the sentence that was suspended—the prior sentence of which was suspended. That sentence is now imposed. [¶] You are to serve five years in state prison. That sentence shall be served in county jail pursuant to [Penal Code section] 1170(h), unless there's some exception that either side believes applies. [¶] Hearing nothing, the five years to be served in county jail."

Emery's counsel inquired about the trial court's comments earlier in the hearing about the court having options. The court responded: "I said there are a number of options available to the court. Those options were objected to by the People and probation. So the court simply is imposing the sentence. [¶] Without agreement of all counsel, the court feels that it must impose the sentence that was suspended." The colloquy between counsel and the trial court shows the court interpreted *Howard*, *supra*, 16 Cal.4th 1081, as holding that upon a finding of a probation violation, the court did not have discretion to reinstate probation.

In *Medina*, *supra*, 89 Cal.App.4th at page 320, the defendant's counsel asked the trial court, at the sentencing hearing on the defendant's probation violation, to reinstate the defendant's probation. The trial court stated that it did not have discretion to do anything but sentence the defendant to prison. (*Id.* at pp. 320-321.) The trial court also stated it would probably have granted the defendant probation, but instead the court permanently revoked the defendant's probation and imposed the previously suspended three-year prison term. (*Id.* at p. 321.)

In *Medina*, the appellate court held that "upon violation and revocation of probation . . . , the sentencing court retains discretion to reinstate probation." (*Medina*, *supra*, 89 Cal.App.4th at p. 323.) The court remanded the matter to the trial court "with

7

directions to exercise its discretion whether to reinstate probation." (*Ibid.*) The court rejected the prosecution's argument that *Howard*, *supra*, 16 Cal.4th 1081, supported the trial court's understanding of its lack of discretion, stating: "But even if defendant's probation had been revoked, the People's reliance on *Howard* is misplaced. In *Howard*, the state high court stated: 'On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations] . . . .' [Citation.] However, this language followed the court's analysis of subdivision (c) of [Penal Code] section 1203.2 and [California Rules of Court,] rule 435(b), which are provisions governing the prison term that a court may impose once it decides to revoke *and* terminate probation. In circumstances where sentence was imposed previously, the court has no discretion but to impose that term. [¶] Although the court in *Howard* said the previously suspended sentence must be imposed '[o]n revocation of probation,' we do not read this language as ignoring the additional requirement that probation be terminated. The issue in that case was not whether a court has authority to reinstate probation where the execution of sentence was suspended, but whether a court that has already decided not to reinstate probation has authority to impose a different prison term than that imposed previously. [¶] Neither section 1203.2 nor rule 435 mandates imposition of a prison term unless probation is both revoked *and terminated*. Neither the statute nor the rule makes any distinction between a situation in which the *imposition* of sentence is suspended and one in which the *execution* is suspended. Even if these provisions were considered to be ambiguous in this regard, such ambiguity must be resolved as favorably to defendant as their language and circumstances reasonably permit." (*Medina*, *supra*, at pp. 322-323.)

Here, although Emery's counsel was not as direct as the defendant's counsel in *Medina* in requesting reinstatement of probation, he voiced his position that *Howard* was inapplicable and that the trial court had discretion to select an option other than execution of sentence. Emery testified at the probation violation hearing that after

she was discharged from the residential program and before she was arrested, she was spending time at a sober living home with people she liked and where she attended meetings. She testified she "got on their intake list" the day before she appeared in court and was arrested.

The prosecutor argued to the trial court that *Howard* required "imposition of that five-year term." Our record does not show that either Emery's counsel or the prosecutor brought the *Medina* opinion to the trial court's attention.

In light of the foregoing, we conclude the trial court did not exercise its discretion whether to reinstate Emery's probation after finding she had violated conditions of her probation. We therefore remand the matter to the trial court for resentencing. We do not express an opinion on whether probation should be reinstated. Discretion on this issue should be exercised by the trial court in the first instance.

## DISPOSITION

The judgment revoking Emery's probation is affirmed. The sentence is vacated and the matter remanded to the trial court with directions to exercise its discretion whether to reinstate probation and, if so, on what conditions.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

9