Filed 4/9/14  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074215 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05897) |
| v. | |
| JOHN ROY WILSON, | |
| Defendant and Appellant. | |

Defendant John Roy Wilson pled no contest to possession of methamphetamine for sale and admitted three prior convictions. As part of the plea agreement, the trial court sentenced defendant to six years in prison but suspended execution of the sentence, placed him on formal probation for five years, and required him to successfully complete a minimum two-year residential rehabilitation program. About two weeks after defendant pled no contest, the court revoked probation and lifted the stay of execution of the sentence because defendant left the rehabilitation program prior to completion.

1

Defendant argues that the trial court abused its discretion by failing to exercise discretion when it revoked his probation. We disagree.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant stipulated that he possessed methamphetamine with intent to sell and that he had three prior convictions. Based on these facts, he pled no contest to possession of methamphetamine for sale and admitted the three priors. After accepting defendant's no contest plea, the trial court sentenced defendant to six years in prison, imposed a $240 restitution fine, and assessed $70 in court facility and security fees. The court suspended execution of the sentence, stayed the restitution fine, placed defendant on formal probation for five years, and required him to successfully complete the Delancey Street residential rehabilitation program.

Approximately two weeks after his no contest plea, defendant was back in court because he had left Delancey Street for a day or two before turning himself in to the police. During the probation revocation hearing, defendant told the court that he left Delancey Street because the program required an "18 month black out with no communication" between him and his family that would be "very difficult." Defendant asked the court to consider other treatment facilities that had also accepted him. After defendant spoke, the following dialogue took place between the trial court and defendant:

"THE COURT: All right. . . . I understand Mr. Wilson's request, but the agreement and the disposition in this case was for the Delanc[e]y Street program. And that was your one shot and I . . . allowed you to defer to Delanc[e]y Street to give you the opportunity to do that program.

"THE DEFENDANT: Right.

"THE COURT: It was discouraging to hear that you had not stayed and that you had left. So at this point the Court's *choice[s] in this situation are extremely limited*, and in this event of your failure to participate in the program as you had agreed to do, *the*

2

*Court's only further option* with respect to proceeding with sentencing is to impose -- is to execute the sentence that was previously imposed in this case."  (Italics added.)

The court then lifted the stay of execution of the previously imposed six-year sentence, imposed but stayed the $240 restitution fine, assessed $70 in court facility and security fees, and gave defendant 424 days of credit.

## DISCUSSION

Defendant argues that the trial court erred in failing to exercise discretion in deciding whether to revoke his probation, reinstate him on probation, or reinstate him on probation with additional terms.  Defendant asserts the court's statements reflect that it did not believe it could consider all available remedies under Penal Code[1] section 1203.2. We disagree.

"When the defendant violates the terms of probation or is otherwise subject to revocation of probation, the sentencing judge may make any disposition of the case authorized by statute."  (Cal. Rules of Court, rule 4.435.)  Section 1203.2, subdivision (a) provides that "the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her supervision . . . regardless whether he or she has been prosecuted for such offenses."  Section 1203.2, subdivision (b) further provides that "the court . . . may modify, revoke, or terminate the supervision of the supervised person upon the grounds set forth in subdivision (a) if the interests of justice so require."

"[A] decision to revoke probation when the defendant fails to comply with its terms rests within the broad discretion of the trial court."  (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1267.)  "[W]hen considering probation revocation [a court's analysis]

---

[1]     All further section references are to the Penal Code.

is not directed solely to the probationer's guilt or innocence, but to the probationer's performance on probation.  Thus the focus is (1) did the probationer violate the conditions of his probation and, if so, (2) what does such an action portend for future conduct?" (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.)

We review the court's decision to revoke probation for abuse of discretion. "There is a 'normal presumption that the trial court properly followed established law.' " (*People v. Angus* (1980) 114 Cal.App.3d 973, 987.)  " '[T]he appellate court will not substitute its own view as to the proper decision.'  [Citation.]  To warrant reversal the record must suggest ' "a manifest miscarriage of justice." ' " (*Id.* at p. 988.)  " '[A] ruling otherwise within the trial court's power will nonetheless be set aside where it appears from the record that in issuing the ruling the court failed to exercise the discretion vested in it by law.  [Citations.]' . . . .  'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal.  [Citations.]' . . . .  [When] a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination." (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.)  However, "abuse of discretion is not presumed from a silent record, but must be clearly shown by appellant." (*People v. Preyer* (1985) 164 Cal.App.3d 568, 574.)  The appellate court will view the record as a whole to determine whether "the court believed it did not have, or in any event did not exercise, discretion as to whether to revoke probation." (*Angus*, at p. 987.)

Defendant relies on *People v. Medina* (2001) 89 Cal.App.4th 318 to support his position that the trial court "believed it had no choice but to execute the sentence." *Medina* is distinguishable.

In *Medina*, the defendant pled no contest to felony vandalism, and the court suspended execution of his sentence and placed him on probation.  (*People v. Medina*, *supra*, 89 Cal.App.4th at p. 319.)  Three months later, the defendant violated his

4

probation and the trial court held a probation revocation hearing.  (*Id.* at p. 320.)  At the probation revocation hearing the trial court stated, " '[E]ven though I'm more in agreement with [the defendant's] position . . . , *I don't believe I have any legal recourse other than to--once he violates probation is to sentence him to state prison, because the sentence has already been passed.*  [¶] . . . [¶]  [*I] have no authority.*  And I guess this is one of the reasons I hate to come on to sentence where *I have no discretion* because of what a prior judge has done. . . .  [B]ut for the suspension, the execution of sentence, I'll have it on the record that *I would probably grant him probation.*"  (*Id.* at pp. 320-321.)  On appeal, this court vacated the sentence and remanded the matter to the trial court because the trial court admittedly failed to exercise its discretion as required by section 1203.2.  (*Medina*, at p. 323.)

In *Medina*, the court unequivocally expressed its erroneous view that it did not have the authority to continue the defendant on probation.  Here, on the other hand, the trial court did no such thing.  Instead, after stating that the Delancey Street program had been defendant's "one shot," the trial court stated, "[s]o at this point the Court's choice[s] in this situation are extremely limited, and in th[e] event of your failure to participate in the program as you had agreed to do, the Court's only further option with respect to proceeding with sentencing . . . is to execute the sentence that was previously imposed in this case."

The distinction between this case and *Medina* can be found in two places:  first, in the trial court's statement that the Delancey Street program was defendant's "one shot," and second, in the court's statement that its "only further option *with respect to proceeding with sentencing*" was "to execute the sentence that was previously imposed." (Italics added.)   These statements can be reasonably understood to mean that the trial court had previously decided to give defendant one chance to avoid prison -- completion of the Delancey Street program -- and with defendant's failure to complete that program, the court's only remaining option *with respect to sentencing* was to execute the sentence

5

already imposed.  In other words, having decided that defendant should go to prison because he failed at his "one shot" to avoid incarceration, the court properly recognized that it was bound by the prison sentence it had already imposed and could not now impose a different sentence on defendant.  Understood in this manner, the trial court's statement shows a proper exercise of discretion, and defendant's arguments to the contrary are without merit.

DISPOSITION

The judgment is affirmed.


     ROBIE     , Acting P. J.


We concur:


     BUTZ     , J.


     DUARTE     , J.