Filed 10/15/14  P. v. Morales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C070673 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SF108758A, LF011558A) |
| v. | |
| BYRON IGNACIO MORALES, | |
| Defendant and Appellant. | |

Defendant Byron Ignacio Morales pleaded guilty on two separate cases and was ultimately sentenced to state prison, but the court suspended execution of the sentence and placed defendant in the Delancey Street Foundation program.  Thereafter, without conducting a probation revocation hearing, the trial court found defendant had violated his probation based on an unsigned letter from the Delancey Street Foundation indicating defendant had left the program.  The court then executed the state prison sentence.

1

Defendant appealed.[1]  After we remanded directing the court to conduct a probation revocation hearing, the court did so, found defendant in violation of his probation, and executed the state prison sentence.

In this second appeal, defendant contends there is insufficient evidence to support the finding that he violated his probation, and there is an error in the abstract.

We reject defendant's meritless argument concerning the sufficiency of the evidence but order a correction to the abstract and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The First Probation Revocation and Appeal

On July 9, 2008, defendant pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377) in San Joaquin County Superior Court, case No. SF108758A.  Defendant was placed in a drug treatment program pursuant to Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, and given five years' formal probation.  Among other conditions of probation, defendant was required to obey all laws.

On October 19, 2009, defendant pleaded guilty to vehicle theft (Veh. Code, § 10851, subd. (a)) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)) in San Joaquin County Superior Court, case No. LF011558A, and admitted violating probation in case No. SF108758A.  Sentencing defendant in both cases, the trial court imposed an aggregate term of five years four months in state prison.  The trial court suspended execution of sentence and placed defendant on five years' informal probation on the condition that he successfully complete the Delancey Street Foundation program and comply with other conditions.

---

[1]  The record of the prior appeal in this case, *People v. Morales* (June 27, 2011, C065885 [nonpub. opn.]) (*Morales*), is incorporated by reference into the record of the instant appeal.

2

After receiving a letter stating that defendant had left the Delancey Street Foundation program, the trial court revoked defendant's probation and executed the suspended prison term without holding probation revocation proceedings. Defendant appealed, and in an unpublished opinion, we reversed the judgment and remanded for a probation revocation hearing. (*Morales, supra,* C065885.)

On remand, the trial court held a probation revocation proceeding and found that defendant had violated his probation. The court revoked defendant's probation and executed the previously suspended prison term of five years four months.

### The Post-Remand Probation Revocation Proceedings

On July 2, 2010, an unsigned letter from Sonny Rendall, the personal services coordinator for the Delancey Street Foundation in San Francisco, was filed with the trial court. The letter stated: "Byron Morales entered the Delancey Street Foundation on January 30, 2010 and resided in our facility. Byron Morales left Delancey Street Foundation on March 9, 2010, without successfully completing our program."

The People introduced Rendall's letter at the probation revocation hearing held after our remand.

At the outset of the hearing after remand, defense counsel indicated on the record that there had been a discussion in chambers between counsel and the trial court and noted that even if defendant is sentenced to the original state prison sentence, he would be "entitled to get out soon." Defense counsel told the court that defendant was "prepared to submit on the letter from Mr. Rendel [*sic*]," and the defense presented no evidence. The following then took place:

"THE COURT: Mr. Morales, are you prepared to submit on the violation? Mr. Morales, are you prepared to submit?

"[DEFENDANT]: Yes.

3

"THE COURT:  On the basis of the letter marked as People's 1 here that indicates that you were at Delancey Street Foundation the 30th of January, 2010, and then that you left on March 9th without completing the program.

"[DEFENDANT]:  Yes.

"THE COURT: All right.  And based on that I would find a violation of probation, that there is an intentional violation of probation and the issue really now is the sentencing issue and the credits that are to be applied."

Thereafter, the matter was put over for sentencing and defendant waived an updated probation report.

## DISCUSSION

### I.  Substantial Evidence of Probation Violation

Defendant contends that the Rendall letter was insufficient to support the trial court's finding that he violated his probation.  Defendant asserts that "[w]ithout additional supporting evidence or testimony, the letter alone, offered on remand in sole support of the alleged probation violation was insufficient to prove that [defendant's] conduct in leaving the Delancey Street Foundation program constituted a willful violation of the terms and conditions of his probation."

Defendant's argument is meritless.  There was sufficient evidence to support the violation of probation.

### A.  Standard of Review

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence" supporting the trial court's finding.  (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)  "Before a defendant's probation may be revoked, a preponderance of the evidence must support a probation violation."  (*People v. Shepherd* (2007) 151 Cal.App.4th 1193, 1197.)

4

## B. Analysis

The Rendall letter is evidence that defendant left Delancey Street Foundation without completing the program, a willful violation of the terms of his probation. At the post-remand hearing, defendant submitted on the letter after defense counsel had conversed in chambers with the prosecutor and the court. Defense counsel then noted on the record that defendant would be released soon even if the court executed the previously stayed sentence.[2]

In addressing defendant after he acknowledged his intent to submit on the letter, the trial court referenced the allegation in the letter--that defendant left Delancey Street Foundation and did not complete the program. To that, defendant replied "yes." The trial court could reasonably infer defendant willfully left Delancey Street Foundation without completing the program based on the letter, his submission of issues related to the violation of probation on the letter, and his failure to present any evidence explaining or refuting the letter.

Defendant argues the trial court's ruling is inconsistent with the following statement from our first opinion: "The court did not formally take any evidence with respect to the alleged probation violation. Indeed, the court did not even give defendant the opportunity to explain what had occurred. For all anybody knows, there could have been circumstances justifying or mitigating defendant's leaving the program." (*Morales, supra,* C065885, at p. 11.)

Defendant takes our observation out of context. In the first appeal, the People conceded that the trial court erred in not holding a probation revocation hearing, but contended that, "[r]emanding for a new probation revocation hearing would be a futile act because the court will have the *same circumstances* that formed the basis for [its] previous actions--[defendant's] lack of successful completion of the drug treatment

---

[2] Ultimately, the trial court awarded defendant a total of 1,526 days credit.

5

program." (*Morales, supra,* C065885, at p. 11, italics added.) We simply noted that had there been a hearing, the court could have been presented with additional circumstances and argument. We noted that the trial court was required to find the failure to complete the Delancey Street Foundation program was willful and we further observed that a willful violation of a condition of probation did not necessarily mean that defendant's probation should be revoked, citing *People v. Hawthorne* (1991) 226 Cal.App.3d 789, 795. (*Morales,* at pp. 11-12.) Citing *People v. Coleman* (1975) 13 Cal.3d 867, 895, fn. 22, we further noted that defendant had the right to be heard on the issue of whether his probation should be revoked notwithstanding his violation. (*Morales,* at p. 12.) Citing *People v. Medina* (2001) 89 Cal.App.4th 318, 321, we also noted the court had the discretion to modify defendant's probation instead of executing the state prison sentence. (*Morales,* at p. 12.) Naturally, defendant had the right to be heard on that issue as well. The portion of our previous opinion defendant now quotes relates to the fact that no hearing was held and thus, there was no opportunity for defendant to present any evidence of circumstances or argument that might touch on these matters.

We did not address the issue of whether the letter itself constituted evidence supporting a willful probation violation or the weight to be given that letter. It was unnecessary to do so. "[I]t is axiomatic that cases are not authority for propositions not considered." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176.)

At the revocation hearing held after remand, defendant had an opportunity to contest the validity of the letter, refute the allegations in the letter, give an explanation for leaving the program, argue that his probation should not be revoked and/or that his probation should be modified instead of executing the stayed prison sentence. Instead, he submitted on the letter. The letter, defendant's submission on the letter, and his reply to the trial court's reference to the contents of the letter constitutes substantial evidence that defendant violated his probation. The trial court did not err in finding defendant violated his probation or in revoking his probation and executing the state prison sentence.

6

## II.  Error in the Abstract

The parties identify an error in the current abstract that was also in the original abstract.  Defendant was convicted of assault by means of force likely to produce great bodily injury, but the abstract describes the conviction as "ADW/ASSLT W/FRC LIKELY GBI."  We noted this error in our original opinion, but there was no need to order correction because the trial court was ordered to hold a probation revocation hearing.  (*Morales*, *supra*, C065885, at pp. 18-19.)

At the post-remand probation revocation proceedings, defense counsel mentioned the need to correct this error.  He later mentioned it again at the sentencing hearing, emphasizing that defendant did not plead to a strike.

As defendant now rightfully points out, this mistake has serious ramifications, because assault with a deadly weapon is a strike offense.  Our Supreme Court has counseled trial courts, "We stress that confusion in future cases can be avoided if judgment records are prepared with utmost care and sensitivity to their possible relevance in later criminal proceedings.  When a defendant is convicted under a statute, such as [Penal Code] section 245(a)(1), that covers in the alternative two slightly different offenses, only one of which is defined as a serious felony, and the issue whether the conviction was for the serious or the nonserious form may thus have substantial penal consequences if the defendant suffers a subsequent felony conviction, it is necessary that the abstract of judgment specify, with scrupulous accuracy, the crime of which the defendant was actually charged and convicted."  (*People v. Delgado* (2008) 43 Cal.4th 1059, 1072.)

Defendant's abstract must be corrected.  The reference to "ADW" must be deleted.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract reflecting that defendant was convicted of assault by means of force likely to produce great bodily injury and excluding any reference to assault with a deadly weapon

7

or "ADW."  We further direct the trial court to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


                                              _____MURRAY_____, J.


We concur:


_____BUTZ_____, Acting P. J.


_____DUARTE_____, J.

8