Filed 5/28/15  P. v. Bentley CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B254918 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA067926) |
| v. | |
| RAYMOND D. BENTLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tomson T. Ong, Judge.  Affirmed.

_____

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie C. Brennan and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Raymond D. Bentley appeals from the judgment entered after the trial court revoked probation and executed a suspended prison sentence. Because executing the suspended sentence did not constitute an abuse of discretion, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Bentley pleaded no contest to one count of spousal abuse. The trial court suspended imposition of sentence and placed him on five years of formal probation. In 2005, while on probation, Bentley pleaded no contest to one count of spousal abuse and two counts of assault with a deadly weapon, one against his sister-in-law and the other against his brother-in-law, all arising out of the same incident. The court imposed a six-year prison term but suspended execution of sentence and again placed Bentley on five years of formal probation. The terms and conditions of probation required Bentley to, among other things, "cooperate with the probation officer in a plan for domestic violence counseling." The court found the 2005 offenses violated Bentley's probation in the 2002 case. It revoked and reinstated probation in the 2002 case on the same terms and conditions as for the 2005 case.

Some time in 2006 Bentley was dismissed from his program for domestic violence counseling due to nonpayment of fees. In August 2006, based on the dismissal, the trial court found Bentley in violation of probation in the 2002 and 2005 cases. It terminated probation in both cases, executed the suspended six-year prison term for the 2005 case and imposed a consecutive, one-year prison term for the 2002 case. Bentley appealed from the judgment. On appeal, we concluded that the evidence was insufficient to demonstrate that Bentley had the ability to pay the counseling fees for the period of time in which his underpayments resulted in his dismissal from the program and thus did not support a probation violation. We reversed the judgment and remanded the matter to the court to vacate its order revoking probation and to enter new orders in both cases. We stated, "Bentley's inability to pay for domestic counseling in the past does not mean that he should be excused from attending counseling in the future. His history of violent behavior supports the trial court's view that there is a need for such counseling. On remand the trial court may reinstate probation with a requirement that Bentley

2

attend domestic violence counseling.  If it does so, however, it must evaluate the Bentley family's financial situation and order Bentley to pay counseling fees only commensurate with his financial ability."  (*People v. Bentley* (Oct. 1, 2007, B193761) [nonpub. opn.].)

On remand, on February 4, 2008, the trial court reinstated Bentley's probation in both the 2002 and 2005 cases on the same conditions with the modifications that (1) Bentley "complete 52 weeks of domestic violence classes pursuant to probation officer[']s direction"; and (2) the probation department "determine [Bentley's] ability to pay through financial evaluation at probation officer[']s directions."  An October 15, 2008, agreement between Bentley and the probation department indicated that Bentley's fines and other fees had been reduced from $4,793 to $1,500 and that he was required to make 60 monthly payments of $25 beginning in December 2008.  Nothing in the record reflects Bentley's responsibility for fees relating to domestic violence counseling.

In December 2010, Bentley's probation officer filed a report that Bentley was in violation of probation for failing to (1) provide probation with proof of completing a 52-week domestic violence program; (2) keep probation advised of his work and home telephone numbers; and (3) make $25 payments to probation.  The probation officer explained that Bentley is "currently being supervised in . . . Michigan via interstate compact. [¶] A progress report was received from [Bentley's] probation officer dated 07/01/2010. . . . The report indicates that [Bentley] has not provided the Michigan probation department with proof of completing a domestic violence program although [Bentley] stated that he had provided proof to his California probation officer.  This officer has reviewed [Bentley's] file and all documentation.  There is no indication that [Bentley] has completed the ordered program nor has provided probation with proof of completion.  [Bentley] has also failed to provide probation with a current contact number.  This officer attempted to contact [Bentley] at several number[s] provided by [him].  All numbers were not working.  [Bentley] failed to advise his probation officer with a current contact number.  [Bentley] has also failed to make payment to probation.  Probation records indicate that [Bentley] has made 8 payments totaling $129.00.  The last payment

3

made was on 01/11/2010, for $10.00. . . . The amount owed is for fines, fees and cost of probation services due while [Bentley] was in California. [Bentley] was seen by a financial evaluator on 10/15/2008, and his payments were adjusted to his ability to pay. [Bentley] agreed to make monthly payments of $25.00 . . . . [Bentley] failed to make the agreed upon payments. It appears [Bentley] is not making an effort to comply with his conditions of probation."

Bentley did not appear for a probation violation hearing on January 3, 2011. The trial court preliminarily revoked probation and issued a bench warrant for Bentley's arrest. After Bentley was extradited to California, he appeared in court on December 26, 2013. The matter was continued to January 27, 2014, for the court to obtain a supplemental probation report. That report stated that Bentley had failed to comply with the conditions of probations that he (1) obey all laws and orders of the court; (2) obey all rules and regulations of the probation department; (3) keep his probation officer advised of his residence at all times; and (4) pay all court fines and fees through the probation department. The report indicated that Bentley had not reported as directed for probation supervision. On January 27, Bentley waived his right to a probation violation hearing and admitted that he had violated probation. The court formally revoked probation in the 2005 case and scheduled sentencing for February 10. The court did not discuss the 2002 case.

In a statement of mitigation and at the sentencing hearing, Bentley argued that the trial court should reinstate probation and allow him time to either complete his domestic violence counseling or obtain proof that he already had done so. The People argued that Bentley should receive his suspended seven-year sentence because he had admitted to violating probation and failed to complete his domestic violence counseling despite having many years to do so. The court declined to reinstate probation and executed the six-year prison term imposed for the 2005 case. The record does not indicate what happened to the additional one-year term imposed for the 2002 case.

Bentley moved for reconsideration, arguing that he had completed the required domestic violence counseling and thus probation should be reinstated. The People

4

opposed the motion, contending that Bentley had not submitted proof of completion as specified in Penal Code section 1203.097, including submitting to and passing an exit interview. (See Pen. Code, § 1203.097, subds. (a)(10) & (c)(1)(O)(iii).) The trial court denied the motion. According to the court, "there are many other violations . . . . [Failure to complete the domestic violence counseling is] one of the many violations that he has had . . . ." "I adopted the People's position in its entirety that is set forth in the [sentencing] memorandum, but one of the greatest concerns that I ha[d] at that time . . . [wa]s that he didn't finish. . . . And now that I'm listening to this, I am convinced he did not finish the curricula."

## DISCUSSION

Bentley and the People discuss the issue on appeal primarily as whether substantial evidence supports a determination that Bentley violated his probation. But Bentley admitted that he had violated probation. As a result, the issue is not the basis for a probation violation but rather whether executing the six-year suspended prison sentence constituted an abuse of discretion. We conclude that it did not.

"Sentencing choices[,] such as . . . whether to reinstate probation or sentence a defendant to prison, are reviewed for abuse of discretion. 'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' [Citation.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910; see also *People v. Medina* (2001) 89 Cal.App.4th 318, 323 [after probation violation, court's decision to reinstate probation or sentence defendant to prison is matter of discretion].)

Bentley was charged with multiple violations of probation, namely, that he had not provided proof of completion of domestic violence counseling, kept his probation officer apprised of work and home telephone numbers and paid the agreed-upon $25 monthly

5

payments to probation. He admitted to violating probation. His only argument for sentencing leniency was that he had attended all of the required domestic violence sessions classes but could not afford to pay the final fees to obtain a certificate of completion. In his reconsideration motion, however, he maintained that he had paid the outstanding balance, which allowed him to accumulate sessions he had participated in at two different programs. Nevertheless, the documents he submitted did not prove completion of the program as required by probation. Bentley also gave no explanation for his failure to provide his probation officer with his telephone numbers or to make the $25 monthly payments. Under these circumstances, executing the suspended six-year term for the 2005 convictions was within the trial court's discretion.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6