Filed 3/17/21  P. v. Evans CA2/7

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN EVANS,<br><br>    Defendant and Appellant. | B299953<br><br>(Los Angeles County<br>Super. Ct. No. NA071649) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Acting Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Kevin Evans pleaded no contest in 2006 to inflicting corporal injury on his wife. The trial court placed him on formal probation for five years. Evans did not comply with his probation conditions and left California in 2009. In 2019, following a contested probation violation hearing, the trial court found Evans had violated probation, terminated Evans's probation, and sentenced Evans to three years in state prison.

Evans contends that the trial court erred by allegedly failing to provide a statement of reasons for its decision to sentence Evans to state prison. Evans also argues his counsel rendered ineffective assistance by failing to object to the trial court's alleged failure to state its reasons for sentencing Evans to prison. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *Evans's No Contest Plea and Grant of Probation*

On September 13, 2006 Evans punched his pregnant wife five to six times in the head and once in her face. She suffered a fractured mandible.

On September 29, 2006 Evans pleaded no contest to one count of corporal injury to spouse or cohabitant. (Pen. Code, § 273.5, subd. (a).) The trial court suspended imposition of sentence and placed Evans on formal probation for five years with several conditions.

On February 2, 2009 the probation department filed a report recommending Evans's probation be revoked and the court issue a bench warrant. Evans had moved to Las Vegas in January 2009, despite instructions from his probation officer to remain in Los Angeles County until his interstate compact transfer had been processed. The transfer had been previously denied because

2

Evans had not complied with his probation conditions. Evans had also been arrested in August 2007 in Las Vegas for domestic violence battery. The trial court revoked Evans's probation and issued a "no bail" bench warrant.

B.      *The Probation Violation Hearing*

On May 15, 2019, after Evans surrendered to California authorities, the trial court recalled Evans's bench warrant, scheduled a probation violation hearing, and ordered a supplemental probation report. The trial court received the supplemental probation report on June 5, 2019.

The report stated that Evans had been arrested and convicted of several offenses in Las Vegas between 2010 and 2018, and that Evans had not complied with other probation conditions. The report recommended that the court find Evans in violation of probation, that probation remain revoked, and that the court sentence Evans to prison. Alternatively, the report recommended that if the court reinstated Evans's probation, the court order Evans to report to the Long Beach probation office.

The court held a contested probation violation hearing on July 18, 2019. At the outset of the hearing, the trial court stated that it had already provided an indicated midterm sentence of three years, which Evans "did not want to accept, and we set it for [a] probation violation hearing." Defense counsel argued that the court should reinstate Evans's probation or terminate probation. Defense counsel stated that Evans would not accept "the People's offer or the court's indicated."

The People called probation officer Rosalva Lugo to testify. Lugo testified that she had supervised Evans's probation in 2008 and 2009, but that she lost contact with Evans in January 2009 because Evans moved to Las Vegas. Lugo testified that she

3

instructed Evans to remain in Los Angeles County until a transfer of his probation had been accepted or rejected, but Evans nevertheless left Los Angeles County. Lugo testified that either she or her supervisor directed Evans to return to California and to contact the probation department, but Evans did not return.

Based on Evans's failure to return to California, Lugo requested a bench warrant for Evans in January 2009. Lugo had not seen Evans since 2009. Lugo stated that Evans never provided her with proof that he had completed the domestic violence counseling and community service that had been ordered as part of his probation.

Following Lugo's testimony, the People introduced a certified copy of Evans's "rap sheet," which showed Evans's convictions in Las Vegas from 2010 to 2018.[1]

Evans did not present any evidence. Defense counsel argued the rap sheet did not include any convictions for offenses that occurred during Evans's probationary period of 2006 through 2011. The trial court observed that the rap sheet included a 2010 domestic violence conviction in Las Vegas; defense counsel argued that the rap sheet did not state whether the offense occurred during Evans's probationary period. Defense counsel also argued that Evans had self-surrendered on the bench warrant in 2019, and that, despite "numerous contacts with law enforcement while in Las Vegas," the authorities never sought to extradite Evans to California. Defense counsel asserted that Evans was "an entirely different person" in 2019 than he had been in 2006 and 2009.

---

[1]     The record does not contain a copy of the rap sheet the People introduced into evidence.

4

Following defense counsel's argument, the trial court found Evans in violation of probation, terminated Evans's probation, and sentenced Evans to three years in state prison. The court stated:

> Evans "was placed on probation for a serious domestic violence conviction. He was ordered to report to probation, comply with probation, orders, rules, and regulations, complete domestic violence counseling, complete CalTrans, and he did none of that. He left the jurisdiction. He doesn't get credit for the fact the jurisdiction to which he fled didn't extradite him.
>
> The court does find him in violation of probation, and imposes the midterm of three years prison. The sentence will be forthwith."

Evans timely appealed.

## DISCUSSION

A. *Standard of Review*

After finding that a defendant has violated probation, a trial court may either reinstate probation on the same or modified terms, or terminate probation and order the defendant committed to prison "if the interests of justice so require." (Pen. Code, § 1203.2, subd. (b); *People v. Medina* (2001) 89 Cal.App.4th 318, 321; *People v. Harris* (1990) 226 Cal.App.3d 141, 147.) The trial court is vested with broad discretion in determining whether to reinstate or revoke probation, and its order is reviewed for abuse of discretion. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311, disapproved on another ground in *People v. Cook* (2015) 60 Cal.4th 922, 939.)

5

B.    *The Trial Court Adequately Stated Its Reasons for Sentencing Evans to State Prison Rather Than Reinstating Probation*

Evans contends the trial court erred by allegedly failing to state reasons for denying Evans probation and instead imposing a state prison sentence.  The record does not support Evans's claim.

Where a court originally suspended the imposition of sentence and placed a defendant on probation, a subsequent sentence to state prison upon revocation of probation is a sentencing choice requiring a statement of reasons.  (Cal. Rules of Court, rule 4.406(b)(2).)  "[T]he record must clearly reflect the trial court understands that two separate and distinct decisions are involved: (1) to revoke [probation]; and (2) to sentence to state prison rather than to place on probation on new or modified conditions."  (*People v. Hawthorne* (1991) 226 Cal.App.3d 789, 795 (*Hawthorne*).)

As an initial matter, Evans did not object at the probation hearing that the trial court had not stated sufficient reasons for its decision.  Although defense counsel argued that the court should reinstate Evans's probation or terminate probation, counsel did not object that the court had not adequately stated its reasons for declining to grant probation and instead imposing a state prison term.  Evans thus forfeited this claim.  (*People v. Scott* (1994) 9 Cal.4th 331, 353-357 [holding that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].)

Furthermore, the record reflects that the trial court understood the "two separate and distinct decisions" (*Hawthorne*, *supra*, 226 Cal.App.3d at p. 795) to be made at Evans's probation hearing.  The supplemental probation report, which the trial court

6

expressly acknowledged receiving, addressed the probation violation and the sentencing decision separately. At the outset of the probation hearing, the court stated that it had provided Evans with an indicated sentence. Evans's counsel responded by asking the court to release Evans and either reinstate his probation or terminate it. Following Lugo's testimony and the introduction of Evans's rap sheet, the trial court made specific findings that Evans had performed poorly on probation and that Evans had fled the jurisdiction. Based on these findings, the court made two separate decisions; first, that Evans had violated probation, and second, that Evans would be sentenced to three years in state prison. The court's comments throughout the hearing make clear that it understood the difference between revoking Evans's probation and sentencing him to state prison rather than reinstating probation.

Evans argues that the court's findings pertained only to his probation violation, and that the court did not state any reasons for imposing a prison sentence rather than reinstating probation. Findings that Evans had performed poorly on probation, had fled the jurisdiction, and had remained at large for 10 years are reasons not to place Evans on probation again and instead sentence him to prison. (See *Hawthorne, supra*, 226 Cal.App.3d at p. 795 [violation of probation terms "does not automatically trigger both revocation of probation and imprisonment," but "[i]t may well be in most cases that a trial court's decision on both scores is motivated by the defendant's poor performance on probation"].) Moreover, before the court made its ruling, defense counsel argued that Evans was "an entirely different person" than he had been in the past. An argument that Evans was "not the same person" is an argument against a future prison term, not a past probation violation.

7

Evans also has not demonstrated a reasonable probability of a better result on remand. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) A remand for resentencing is not required unless there is a reasonable probability that a different result will ensue. (See *People v. Mobley* (1983) 139 Cal.App.3d 320, 324-325; *People v. Kellett* (1982) 134 Cal.App.3d 949, 962-963.) Evans has not demonstrated that the trial court would have reinstated probation on modified terms if Evans had asked for more reasons supporting the decision to sentence him to prison, or that the court would rule differently on remand.

C.      *Evans Has Not Demonstrated That His Counsel Rendered Ineffective Assistance*

Evans also argues his counsel rendered ineffective assistance because counsel did not object to the trial court's alleged failure to state its reasons for sentencing Evans to prison. This argument is not persuasive.

In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) A reviewing court will indulge in a presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. (*Strickland*, at p. 689; *In re Andrews* (2002) 28 Cal.4th 1234, 1253-1254.) The defendant bears the burden of establishing constitutionally

8

inadequate assistance of counsel. (*Strickland*, at p. 687; *In re Andrews*, at p. 1253.)

Evans has not presented "affirmative evidence that counsel could have had 'no rational tactical purpose'" for not asking the trial court to state further reasons for its decision to impose a prison term. (*People v. Mickel* (2016) 2 Cal.5th 181, 198.) As discussed, after the presentation of evidence and argument, the trial court stated specific reasons for finding Evans in violation of probation and sentencing him to prison. Defense counsel may well have concluded that the trial court's statement adequately explained the court's reasons for its decision.

Even if Evans could establish deficient performance by his counsel, however, he cannot demonstrate a reasonable probability that an objection to the trial court's alleged failure to state reasons for its sentencing decision would have resulted in a different outcome. (*People v. Mattson* (1990) 50 Cal.3d 826, 876; *People v. Gonzalez* (1998) 64 Cal.App.4th 432, 438.) The court held a contested probation violation hearing at which it took evidence and heard argument from Evans's counsel. The court thereafter made specific factual findings about Evans's poor performance on probation and absconding from Los Angeles County. There is no reasonable probability that requesting additional reasons would have resulted in a different outcome. Evans has not demonstrated that his counsel rendered ineffective assistance.[2]

---

[2]     Evans also argues his counsel should have "argu[ed] for probation," and rendered ineffective assistance by failing to do so. Defense counsel expressly argued that "[e]ither the court [should] reinstate [Evans's] probation or terminate probation." The trial court's decision not to do so does not constitute ineffective assistance by Evans's counsel.

9

## DISPOSITION

The judgment is affirmed.


MCCORMICK, J.*


We concur:


PERLUSS, P. J.


SEGAL, J.

---

*     Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.