[No. C005721. Third Dist. Aug. 15, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
SALLY ADA PENNINGTON, Defendant and Appellant.

174

COUNSEL

Thomas J. Cooke, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

DECRISTOFORO, J.—This appeal raises two issues. First, must the trial court give reasons for sentencing a terminated probationer to prison when no sentence has previously been imposed? Second, do the reasons for revoking probation satisfy this obligation? We answer both questions in the affirmative.

### FACTS

On January 11, 1988, defendant pled guilty to possession of cocaine. (Health & Saf. Code, § 11350.) Imposition of sentence was suspended and defendant was placed on formal probation for three years. On August 10, 1988, defendant admitted violating several conditions of probation by testing positive for drug use on three occasions, having drugs in her residence, failure to appear for testing, and failure to pay court fees. Probation was revoked. The court declined to reinstate probation, sentenced defendant to the mid term of two years, suspended execution and committed defendant to the California Rehabilitation Center.

Defendant contends the trial court erred by failing to state reasons for "denying probation and imposing the middle term." Since the imposition of the middle term does not require a statement of reasons (*People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10]), we consider only the implied claim that the court failed to state reasons for its sentence choice of imprisonment.

### DISCUSSION

■ Preliminarily, it will be noted that the principles of due process apply to probation revocation proceedings requiring the trial court to provide sufficient reasons for its decision to revoke probation. (*People* v. *Vickers* (1972) 8 Cal.3d 451, 457-458 [105 Cal.Rptr. 305, 503 P.2d 1313]; *People* v. *Latham* (1988) 206 Cal.App.3d 27, 29 [253 Cal.Rptr. 379].) Defendant's admission of the violations alleged in three petitions to revoke probation satisfy any constitutional mandate, and defendant raises no issue as to that.

Upon the defendant's admissions, the trial court had three choices. It could reinstate probation on the same terms, reinstate probation with modified terms, or terminate probation and commit the defendant to prison. (Pen. Code, § 1203.2; Cal. Rules of Court, rules 435(a) & 435(b)(1)).)[1] The trial court was aware of its choices.

At sentencing upon revocation of probation the court stated:

"THE COURT: The Court does determine that it does have the power to reinstate probation. However, the Court is not going to reinstate this defendant on probation since it's obvious that probation is not appropriate and therefore probation is denied.

"The defendant will be sentenced to the mid-term of two years for a violation of Section 11350 of the California Health and Safety Code, a felony."

Defendant now argues that the court did not adequately state the reasons for its decision to sentence her to the middle term of imprisonment.

■  Section 1170, subdivision (c) requires a statement of reasons for the court's sentence choice to be on the record at the time of sentencing. A sentence to state prison, as an alternative to probation, is a sentence choice requiring reasons. (Rule 439(d); *People* v. *Gopal* (1985) 171 Cal.App.3d 524, 547-549 [217 Cal.Rptr. 487].) These reasons may be in the form of reasons for either denying probation or choosing state prison. (*People* v. *Mobley* (1983) 139 Cal.App.3d 320, 324 [188 Cal.Rptr. 583].)

Where no sentence is imposed at the time probation is granted, a subsequent decision terminating probation requires that judgment be pronounced. (§ 1203.2, subd. (c).)[2] Rule 435(b)(1) provides that: "If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 433(c)." Rule 433(c) provides that the judge shall: "(5) Pronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."

■  We thus conclude that where imposition of sentence was initially suspended, as opposed to pronouncement of judgment and suspension of

---

[1] Further statutory designations to an undesignated code are to the Penal Code. Further rule designations are to the California Rules of Court.

[2] This is not an initial sentence choice, as the decision granting probation and suspending imposition of sentence was a sentence choice. (Rule 405(f).)

execution, and defendant was placed on probation, a subsequent sentence to state prison upon revocation of probation is a sentence choice requiring a statement of reasons. (See also *People* v. *Jackson* (1987) 196 Cal.App.3d 380, 387 [242 Cal.Rptr. 1] and *People* v. *Latham, supra,* 206 Cal.App.3d at p. 28.)

■ "The purpose of requiring the trial court to state its reasons for exercising sentencing discretion is to provide uniformity and proportionality in sentencing and meaningful appellate review to determine whether the trial court abused its discretion." (*People* v. *Wilson* (1982) 135 Cal.App.3d 343, 352 [185 Cal.Rptr. 498], disapproved on other grounds in *People* v. *Jones* (1988) 46 Cal.3d 585, 600 [250 Cal.Rptr. 635, 758 P.2d 1165].) ■ That purpose is satisfied here.

The trial court found true, after defendant's admission, numerous violations of probation. These include testing positive for drugs on three occasions and having drugs in defendant's residence. Following this finding, the court concluded "that probation is not appropriate." It was not necessary for the court further to state as its reason for the sentence to state prison that defendant violated probation. The reasons for denying probation are the reasons for selecting a state prison sentence, and need not be stated twice. (*People* v. *Cushway* (1987) 193 Cal.App.3d 776, 780 [238 Cal.Rptr. 527].)

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1989.