[No. H006621. Sixth Dist. Oct. 30, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
BEVERLY J. JONES, Defendant and Appellant.

**COUNSEL**

Lane Parker, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney

General, Laurence K. Sullivan and Linda James, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CAPACCIOLI, Acting P. J.—

*Holding*

Where a court initially suspends the imposition of sentence and grants probation, the court thereafter upon revoking probation and imposing a sentence must state reasons for any sentencing choices it makes.

*Statement of the Case*

Defendant Beverly J. Jones appeals from an order committing her to prison. (Cal. Rules of Court, rule 31(d).) She claims the trial court failed to state reasons for choosing imprisonment over probation. We disagree and affirm the order.

*Facts and Procedural History*

On September 22, 1988, defendant was convicted of passing worthless checks. (Pen. Code, § 476a.[1]) The court suspended the imposition of sentence, found her suitable for probation, and placed her on probation, with various conditions, for five years.

In early January 1989, defendant was arrested for petty theft. (§§ 484, 486, 488.) On February 8, 1989, she admitted committing this crime. On March 7, 1989, at the probation revocation hearing, the court continued defendant on probation but added additional conditions.

On October 25, 1989, defendant's probation officer filed a petition to revoke probation, alleging violation of three terms of probation. (§ 1203.3.) A hearing was held on October 31, 1989. Defendant failed to appear, and the court summarily revoked probation and issued a bench warrant.

On November 21, 1989, at a subsequent probation hearing, defendant indicated she would admit the probation violations. The court explained, among other things, that if she did so, it would either put her back on

---

[1] Unless otherwise specified, all further statutory references are to the Penal Code.

probation with modified terms or, if it concluded she was no longer a suitable candidate for probation, send her to prison. Thereafter, defendant admitted the violations, and the court ordered preparation of a supplemental probation report.

On January 4, 1990, at a dispositional hearing, the court stated that it had read and considered the supplemental probation report, which recommended imposition of the midterm prison sentence.

Defense counsel did not request any corrections or changes in the report. However, he argued that although "it is not normal practice of the Court to keep giving grants of probation in situations like this," the circumstances during the last months made it difficult for defendant to comply with the terms of probation and she now would and could successfully complete probation. He requested reinstatement of probation or alternatively a diagnostic commitment. (§ 1203.03.)

The prosecutor opposed probation and a diagnostic commitment and sought the upper term for the bad-check conviction, noting the number of victims and sophistication of her conduct.

The court observed that although defendant was emphatic about her ability properly to complete probation, her conduct had been otherwise. It then stated, "There is no conduct on the part of the Court that gets her into state prison or county [jail]. That is her conduct. This is why we have probation, to give people an opportunity to conform to a set of rules, and she has been unable to—she's been given several chances." The court then ruled, "I am not going to send her on 1203.03 commitment. I am not going to extend probation." Although the court deemed the upper term appropriate, it imposed the middle term of two years.

### Discussion

Defendant contends that the trial court failed to state reasons for choosing imprisonment over reinstatement of probation. She claims this failure indicates the court was not aware that after revoking probation it still had discretion to reinstate probation on different terms. Consequently, she seeks a remand for resentencing.

### Necessity of a Statement of Reasons

■■ ■■ ■■■ Question: where, as here, the court initially suspends *imposition* of sentence and places a defendant on probation, must it later upon revoking probation and imposing a sentence state reasons for choosing

imprisonment over probation?[2] There is conflicting authority as to the answer.

In *People* v. *Slaughter* (1987) 194 Cal.App.3d 95 [239 Cal.Rptr. 337], a divided court by way of dictum observed that the chapter heading preceding section 1170 is "Initial Sentencing" and opined that the command of section 1170, subdivision (c) to state reasons for sentencing choices applied only at the "initial sentencing." (*Id.* at p. 97.) Thus, according to the majority, if a court initially suspends the imposition of sentence and gives adequate reasons for doing so, then later it need not state reasons when it revokes probation and commits the defendant to prison. (*Ibid.*) The majority reasoned that to hold that sentencing upon revocation of probation involves a sentencing choice requiring a statement of reasons would mean there are two "initial sentencings": (1) when imposition of sentence is first suspended and (2) when sentence is imposed following revocation. (*Id.* at p. 98.) However, it observed that "[b]oth the Legislature and the Judicial Council, in adopting statutes and rules respectively, were well aware of the stage of proceedings with which we here are confronted—i.e., sentencing following revocation. Neither legislative body chose to require reasons at this stage." (*Ibid.*)

In *People* v. *Jackson* (1987) 196 Cal.App.3d 380, 387 [242 Cal.Rptr. 1] [First Dist., Div. One] and *People* v. *Pennington* (1989) 213 Cal.App.3d 173, 176-177 [261 Cal.Rptr. 476] [Third Dist.] the courts implicitly disagreed with the *Slaughter* analysis. So do we.

██ California Rules of Court, rule 433(c) requires that in imposing sentence following revocation of probation the sentencing court must follow the identical procedure it would use in imposing sentence for the very first time following a jury verdict, i.e., state reasons for any and all sentencing choices. (*People* v. *Slaughter, supra*, 194 Cal.App.3d at p. 100 (dis. opn. of Poché, J.).)[3]

---

[2] To be distinguished is the situation where a sentence is imposed at the time probation is granted and only the *execution* of that sentence is suspended. Under such circumstances, when probation is later properly revoked, the decision to remove the suspension and commit the defendant to prison for the term previously imposed is not a sentencing choice for which a statement of reasons is required. (*People* v. *Cushway* (1987) 193 Cal.App.3d 776, 778-779 [238 Cal.Rptr. 527]; *People* v. *Latham* (1988) 206 Cal.App.3d 27, 30-31 [253 Cal.Rptr. 379].)

[3] Section 1203.2, subdivision (c), provides, in relevant part, "Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. However, if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect."

California Rules of Court, rule 435(a), provides, "When the defendant violates the terms of probation or is otherwise subject to revocation of probation, the sentencing judge may make

California Rules of Court, rule 405(f) defines a "sentence choice" as "the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence." Where a defendant's probation has been revoked and imposition of sentence was previously suspended, the trial court may reinstate probation on the same or modified terms or terminate probation and send the probationer to prison. [See Pen. Code, § 1203.2, subds. (a)-(c); Cal. Rules of Court, rule 435 (a) and (b)(1).) The broad definition of "sentence choice" reasonably includes a choice between prison and probation upon termination of probation where imposition of sentence has previously been suspended.

The *Slaughter* majority invests too much meaning in the chapter heading for section 1170 (Initial Sentencing). This heading carries little, if any, weight as to the scope of section 1170 because section 10004 expressly declares, "Division, chapter, article, and section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any division, chapter, article or section hereof." (Cf. *People* v. *Nichols* (1970) 3 Cal.3d 150, 158 [89 Cal.Rptr. 721, 474 P.2d 673], disapproved on other grounds in *People* v. *Henderson* (1977) 19 Cal.3d 86, 96 [137 Cal.Rptr. 1, 560 P.2d 1180] [placement of former § 449a in Pen. Code chapter entitled "Arson" not evidence that violation of former § 449a constitutes arson]; *In re De La O* (1963) 59 Cal.2d 128, 137 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] [placement of former § 6450 in Pen. Code part entitled "Of Imprisonment and the Death Penalty" not evidence that involuntary commitment under former § 6450 was penal sanction].)

Nor do we find any other suggestion by the Legislature and the drafters of the Rules of Court that two sentencings are prohibited or otherwise unnecessary.

---

any disposition of the case authorized by [Penal Code] section 1203.2 including a continuation on probation with a modification in the terms thereof."

Rule 435(b) further provides, in relevant part, "Upon revocation and termination of probation pursuant to section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison: [¶](1) If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 433(c)."

Rule 433(c) provides that "if a sentence of imprisonment is to be imposed, or if the execution of a sentence of imprisonment is to be suspended during a period of probation, the sentencing judge shall: [¶](1) Hear evidence in aggravation and mitigation, and determine . . . whether to impose the upper, middle or lower term; and set forth on the record the facts and reasons for imposing the upper or lower term. . . . [¶] (5) Pronounce the court's judgment and sentence, stating the terms thereof *and giving reasons for those matters for which reasons are required by law*." (Italics added.)

On the contrary, our Supreme Court has observed that "a requirement of articulated reasons to support a given decision serves a number of interests: it is frequently essential to meaningful review; it acts as an inherent guard against careless decisions, insuring that the judge himself analyzes the problem and recognizes the grounds for his decision; and it aids in preserving public confidence in the decision-making process by helping to persuade the parties and the public that the decision-making is careful, reasoned and equitable." (*People* v. *Martin* (1986) 42 Cal.3d 437, 449-450 [229 Cal.Rptr. 131, 722 P.2d 905].)

In light of these interests, it is unreasonable to find in the heading for section 1170 or the applicable statutes and rules governing sentencing a legislative intent that would, for example, require a court to specify its reasons for choosing an upper term if imposed immediately after a trial but require *no* reasons when imposition of sentence has been suspended and the upper term is later imposed upon revocation of probation. Certainly the defendant in the latter situation is no less deserving of careful analysis by the trial court and meaningful appellate review.

Our reading of the section 1170, subdivision (c) and the applicable Rules of Court, especially in light of the interests served by a statement of reasons, leads to a single conclusion: where the imposition of a sentence is suspended and later that suspension is lifted and a sentence imposed, the court must articulate reasons for any sentencing choice it makes, including the selection of imprisonment over probation.

### *Defendant's Commitment to Prison*

■ Once a probation violation occurs, the trial court has broad discretion in deciding whether to continue or revoke probation. (*People* v. *Angus* (1980) 114 Cal.App.3d 973, 987 [171 Cal.Rptr. 5].) However, due process principles require the trial court to articulate sufficient reasons supporting its revocation of probation. (*People* v. *Pennington, supra,* 213 Cal.App.3d 173, 175.) Defendant's admission of the violations alleged in the petition to revoke probation satisfies any constitutional requirement. (*Ibid.*) Moreover, she does not challenge the revocation of probation.

The decision to revoke probation does not trigger automatic consequences. At that point, the trial court has the option to reinstate probation on the same or modified terms, or to terminate probation and commit the probationer to prison. (*People* v. *Pennington, supra,* 213 Cal.App.3d 173, 176.)

■ Here, with defendant's record before it, the court expressly declined to "extend" probation, indicating that defendant had been given several opportunities to complete probation but had failed each time. The court's decision reasonably implies a conclusion that probation was inappropriate because defendant was no longer a suitable candidate. Defendant's previous failures to comply with the terms of probation amply supports this conclusion, and it constitutes a sufficient reason for refusing to place her on probation once again. (Cf. *People* v. *Pennington, supra*, 213 Cal.App.3d 173, 177 ["that probation is not appropriate" sufficient basis not to reinstate probation after revocation].)[4]

Of course, as a general rule, selection of a middle term "does not relieve the court of its obligation . . . to state the reasons for imprisonment as its sentence choice." (Cal. Rules of Court, rule 439(d).) However, here, having provided a reason for not extending probation, the court was not also required to justify the middle term, for the reasons for denying probation are the reasons for selecting a state prison sentence and need not be stated twice. (Cf. Cal. Rules of Court, rule 441(a).)

Finally, we disagree with defendant's claim that in refusing to "extend" probation, the trial court did not exhibit an awareness that it could reinstate probation on modified terms rather than committing her to prison.

As noted above, before defendant admitted the probation violations, the court explained that it would either extend probation on new terms or send her to prison. This explanation reflects the court's awareness of the scope of its discretion and the various sentencing choices available to it upon revoking defendant's probation. We do not believe, nor does the record indicate, that later at the dispositional hearing, the court suffered a memory lapse. Moreover, the court's knowledge that defendant had previously been reinstated to probation and defendant's request that she once again be so reinstated further support a finding that the trial court was aware of the sentencing options available to it.

---

[4] Where, as here, imposition of sentence is suspended and later upon revoking probation the court imposes a prison term, "[t]he length of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term . . . ." (Cal. Rules of Court, rule 435(b)(1).)

However, a court may properly consider events subsequent to an original grant of probation when deciding whether to revoke or reinstate probation. (*People* v. *White* (1982) 133 Cal.App.3d 677, 681 [184 Cal.Rptr. 134].)

The order of commitment is affirmed.

Premo, J., and Elia, J., concurred.

On November 20, 1990, the opinion was modified to read as printed above.