Filed 3/11/14  P. v. Young CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058434 |
| v. | (Super.Ct.No. SWF020924) |
| DAVI LECHAZ YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Davi Lechaz Young was by charged by amended information with unlawfully discharging a firearm at an inhabited dwelling. (Pen. Code, § 246, count 1.)[1] The amended information also alleged that in the commission of the offense in count 1, a principal was armed with a firearm (§ 12022, subd. (a)(1)), and that defendant committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)). Defendant pled guilty and admitted the truth of the allegations, with the understanding that the maximum possible custody commitment was 23 years to life. The court suspended the proceedings and placed defendant on probation for five years. Three months later, defendant admitted that he violated his probation. The court reinstated him on probation. Approximately three years after that, the court found that defendant violated his probation again. At sentencing, the court struck the firearm enhancement (§ 12022, subd. (a)(1)) and sentenced defendant to 15 years to life, pursuant to section 186.22, subdivision (b)(4)(B).

On appeal, defendant contends the court abused its discretion in declining to reinstate his probation again. We affirm the judgment.[2]

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] Defendant has filed a petition for writ of habeas corpus (case No. E059287), which we ordered considered with this appeal. We will resolve that petition by separate order.

FACTUAL AND PROCEDURAL BACKGROUND

*Underlying Offense*

On April 11, 2007, defendant and his friends committed a drive-by shooting. Defendant admitted to the police that he was a gang member. He was charged with discharging a firearm at an inhabited dwelling (§ 246, count 1). It was also alleged that in the commission of the offense, a principal was armed with a firearm (§ 12022, subd. (a)(1)), and that defendant committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§186.22, subd. (b)). On January 5, 2009, defendant pled guilty to count 1 and admitted the truth of the allegations.

At the sentencing hearing on February 20, 2009, defense counsel argued for the court to show leniency and place defendant on probation, since he had no criminal history, he was 16 years old at the time of the incident, and he had strong family support. The court noted, and defense counsel conceded, that defendant knew when he pled guilty that he could spend most of his life in prison. Defense counsel continued to argue that this was "not an appropriate life case." After much discussion, the court stated that defendant deserved an opportunity to "succeed on probation and turn his life around." However, it noted that, given defendant's admissions to the underlying charge and allegation, he could be sentenced to a life term in state prison if he violated his probation. The court addressed defendant directly, stating, "I cannot emphasize this strongly enough: If you violate the probation, you could and probably will be sentenced to spend the rest of your life in prison." Defendant acknowledged that he understood. The court

proceeded to suspend the proceedings for the purpose of placing defendant on probation for five years, on specified terms and conditions. Defendant agreed to abide by the terms of his probation.

*Probation Violations*

Approximately three months later, defendant admitted that he violated four terms of his probation. The court found him in violation of his probation and referred the matter out for a sentencing report. The court addressed defendant directly and warned him that he "need[ed] to change how [he acts]" and follow directions. The court stated that he needed to understand that he was on probation and that he pled guilty to serious charges. At the next hearing, defendant stated that he wanted to help and support his family, and that he took full responsibility for his actions. He asked the court to forgive him and give him another chance. The court reinstated him on probation. The court then set the matter for a progress review on July 24, 2009, and warned defendant that if he was not in compliance with his probation then, it would not put him back on probation. Defendant had a positive progress report on July 24, 2009.

On August 22, 2012, a petition to violate probation was filed alleging that defendant committed felony vandalism (§ 594, subd. (b)(1), count 1) and that he discharged a BB gun in a grossly negligent manner, which could result in death or injury (§ 246.3, subd. (b)). A hearing on the petition was held on January 29, 2013. Destiny Burks testified that she knew defendant, since she used to be best friends with his sister. On August 19, 2012, Burks was at home, and her brother's girlfriend saw some "guys . . .

4

in front of the house [who] said, 'Come outside and catch this fade.'" Burks and her family went outside and saw defendant driving a PT Cruiser with one or two passengers in the car. Defendant stuck his head out the window, and challenged Burks' brother to a fight at the park. Burks' brother yelled back in response until Burks pulled him back inside the house and said, "That's [defendant]." "Come in the house because he likes to shoot." They all went back in the house. The family then heard gunshots being fired at the house. Burks' mother called the police. They all ran upstairs to avoid getting hit.

Police officers conducted a high-risk traffic stop on a car that matched the description Burks' mother gave to the police. Defendant was taken out of the car. The officers searched the car and found a pellet gun and CO2 cartridges for the gun. Officers later observed damage to the window of Burks' home. The damage was consistent with the pellet gun found inside defendant's car. After reading the incident report and reviewing the evidence, the court found that defendant was in violation of his probation.

At the sentencing hearing on March 8, 2013, defendant's girlfriend, who was the mother of his child, and his mother, spoke on defendant's behalf. Defendant also addressed the court, stating that he did well on probation for three years, but then he made a "dumb choice." He described himself as a "good guy in a bad situation." Defense counsel argued that defendant's problems were the people he chose to associate with and how he got caught up with impressing his friends. Defense counsel asked the court to reinstate defendant on probation and give him the opportunity to "disassociate" from the friends who "basically get him in trouble when he hangs out with them."

5

The prosecutor reviewed how many warnings the previous courts had given defendant about not violating his probation and his potential to go to prison for the rest of his life. The prosecutor also asserted that defendant was not a youth anymore and that he was the oldest one in the group who participated in the latest incident. Finally, the prosecutor noted that the court could not strike the alternate sentencing provision of section 186.22, subdivision (b)(4)(B), which made defendant's sentence 15 years to life. Defense counsel then argued that section 186.22, subdivision (b)(4), was a sentence enhancement that the court could strike. There was some discussion about section 186.22, subdivision (b)(4), being an alternate sentencing provision. The court noted that this issue "sprung on [defense counsel] without an opportunity to do any research."

The court then stated that, after hearing all the arguments, it appeared that this case was not appropriate for continuing probation. It asserted that the "bottom line" was that defendant had been given "plenty of chances." The court then said that, "on the other hand," there were many reasons, in its opinion, not to impose a life sentence. However, pursuant to its reading of section 186.22, subdivision (b), the sentence for a conviction of section 246, with the admission of committing that offense for the benefit of a gang, was 15 years to life. The court emphasized that it was not going to place defendant back on probation since that was not appropriate in this case. The court noted that, "if it was legal," it was leaning toward striking the section 186.22 punishment; however, the prosecution appeared to be correct on the law. Nonetheless, the court wanted to give

6

defense counsel time to research the issue of whether the court could strike the section 186.22 allegation, so it scheduled another sentencing hearing for March 29, 2013.

At the hearing on March 29, 2013, defense counsel asserted that at the time defendant pled guilty, he understood that the section 186.22, subdivision (b)(4)(B) gang allegation could be stricken, and that the case could be made a determinate sentencing case. Defense counsel then requested that probation be reinstated. The court noted that, taking into account the positives and negatives in defendant's life, it had to make a sentence "that's both legal and logical in [it's] own mind." The court struck the section 12022, subdivision (a)(1) firearm enhancement and sentenced defendant to 15 years to life for his offense of discharging a firearm at an inhabited dwelling (§ 246), pursuant to the gang allegation in section 186.22, subdivision (b)(4)(B).

## ANALYSIS

### The Trial Court Properly Exercised its Discretion in Declining to Reinstate Defendant on Probation

Defendant argues that the sentence must be vacated because the court abused its discretion in declining to reinstate his probation. He claims that the court did not evaluate his amenability to rehabilitation, but rather focused on the appropriate length of punishment for his offense. He asserts that he was amenable to rehabilitation and posed no danger to the community. We find no abuse of discretion.

A. *Standard of Review*

A trial court's decision whether to reinstate probation or sentence a defendant to prison is reviewed for abuse of discretion. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) "'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.]" (*Id*. at pp. 909-910.)

B. *There Was No Abuse of Discretion*

Here, we cannot find that the trial court abused its discretion in refusing to reinstate defendant on probation. The court considered defendant's history, testimonies by defendant's girlfriend, mother, and defendant himself, the arguments of counsel, and the reports submitted at sentencing. The court gave a clear explanation for its sentencing choice, stating that it would not be appropriate to reinstate probation again since defendant had already been given many chances to carry out the terms of his probation. The record shows that the court initially placed defendant on probation and emphasized to him that if he violated his probation, he would probably be sentenced to spend the rest of his life in prison. Within approximately three months, defendant admitted that he had violated four of his probation conditions. Nonetheless, the court gave him a second chance by reinstating him on probation, explaining that it wanted him to succeed. The court explicitly warned him that if he violated probation again, it was not going to place

him back on probation.  Defendant violated his probation again.  His previous failure to comply with the terms of probation amply supported the court's conclusion that defendant was no longer a suitable candidate for probation.  (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1316.)  Thus, the court had a sufficient reason for refusing to place him on probation again.  (*Ibid.*)

Defendant's argument that the court failed to consider the relevant factors in deciding whether to reinstate his probation, but rather "emphasiz[ed] the length of punishment necessitated by [his] criminal conduct," is meritless.  The discussion between the court and counsel concerning the 15-year-to-life term had no bearing on the court's decision to decline the reinstatement of probation.  The record clearly demonstrates that the court determined it was not going to reinstate defendant on probation, and *then* it decided to give defense counsel time to research the issue of the appropriate length of punishment.  Three weeks later, the court heard defense counsel's argument, and then it sentenced defendant.

On this record, we cannot say that the court exercised its discretion in an arbitrary manner in declining to reinstate defendant on probation.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

10