Filed 10/4/16  P. v. Roseberry CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C079597 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF142893) |
| v. | |
| WILLIAM STANLEY PAUL ROSEBERRY, | |
| Defendant and Respondent. | |

Defendant William Stanley Paul Roseberry appeals from the trial court's ruling revoking probation.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

An amended complaint filed on February 10, 2015, charged defendant with willful infliction of corporal injury on a spouse or cohabitant (count 1—Pen. Code, § 273.5, subd. (a); undesignated statutory references are to the Penal Code) and assault with a deadly weapon (count 2—§ 245, subd. (a)(1)), and alleged as to count 1 that defendant personally used a dangerous and deadly weapon (§ 12022, subd. (b)(1)).

On February 13, 2015, defendant entered a conditional plea of no contest to count 1 and admitted the enhancement in return for the dismissal of count 2, a stipulated sentence of five years in state prison, and the understanding that the trial court would suspend execution of sentence and place defendant on five years' probation.  His written

1

plea agreement stipulated that he struck his cohabitant, Casey Landis, with an aluminum baseball bat, causing extensive bruising to her legs.

The probation report recommended rejecting defendant's plea because defendant denied guilt despite his plea, had a criminal record dating back to 1989, had been in custody or on parole for the past 25 years, was escalating the level of his offenses, had held legitimate employment for only one period in his life, admitted that he lived "the drug lifestyle," was "entrenched in anti-social behavior," was "extremely manipulative," had not complied with his present parole conditions, had scored "high violent" on a risk assessment, and intended to reunite with the victim once released from custody.

On March 6, 2015, after learning that the parties still adhered to the stipulated plea agreement despite the probation report, the trial court accepted defendant's plea, imposed but suspended a five-year state prison sentence (the upper term of four years on count 1, plus one year for the enhancement, to be served consecutively), and ordered defendant placed on formal probation for five years, with terms and conditions that included obeying all laws and reporting to his probation officer as directed. The court told defendant: "[I]f you do anything to violate your probation and if it's proven that you have violated your probation, the Court's hands are tied, five years prison." Defendant said: "I got it."

Defendant was arrested for violation of probation on April 24, 2015. On April 28, 2015, the probation officer filed a declaration alleging the following probation violations: (1) defendant failed to obey all laws, in that on April 24, 2015, he violated section 148.9;[1] (2) defendant failed to contact the probation officer before March 12, 2015, as directed; (3) defendant failed to report in person to the probation officer on March 24, 2015, as

---

[1] Section 148.9 makes it a misdemeanor to falsely identify oneself to a peace officer upon a lawful detention or arrest, either to evade the court's process or to evade the officer's proper identification of the person.

directed; and (4) defendant failed to report in person to the probation officer on April 21, 2015, as directed.

On April 28, 2015, defendant was arraigned and denied the allegations. On May 22, 2015, the parties agreed that the trial court could decide the matter on the police report, probation report, and other pertinent documents without live testimony.

On June 5, 2015, the trial court granted the prosecutor's request to strike allegation No. II, and the parties submitted the remaining allegations on the written reports. The court found that defendant willfully violated probation by violating section 148.9, but that the remaining allegations had not been proven by a preponderance of the evidence. Denying defendant's request to reinstate probation, the court ordered him to serve the previously imposed but suspended sentence.

## DISCUSSION

Defendant contends the trial court abused its discretion by revoking probation because there was insufficient evidence that any alleged violation of probation was willful or established by a preponderance of the evidence. We disagree.

Under section 1203.2, subdivision (a), the trial court is authorized to revoke probation " 'if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . .' " (*People v. Jackson* (2005) 134 Cal.App.4th 929, 935.) The facts alleged to support revocation of probation must be proved by a preponderance of the evidence. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982.) A court may revoke probation only if the evidence shows that the probationer's conduct constituted a willful violation of the terms and conditions of probation. (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295; *People v. Zaring* (1992) 8 Cal.App.4th 362, 378-379.)

A sentencing court has broad discretion in determining whether to grant or deny probation. (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.) We review the trial

3

court's decision whether to reinstate probation for abuse of discretion and will not interfere with the court's exercise of discretion if the court has considered all facts bearing on the offense and the offender and has not acted arbitrarily or capriciously. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910; *People v. Zaring*, *supra*, 8 Cal.App.4th at p. 378.) A defendant's previous failures to comply with his terms of probation can suffice to justify the trial court's decision to revoke probation. (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1316.)

The police report on the incident of April 24, 2015, stated:

Around 6:30 a.m., Yuba City Police Officers Claar and Willing were dispatched to an address where a male and a female were seen entering a vacant house. A witness told Officer Willing that the suspects had been there for several days; he did not know how they got in or if they had permission to be there.

After failing to locate anyone responsible for the residence, Officer Willing knocked on the front door. Seeing the suspects inside and noting that the interior appeared to have been long unoccupied, Officer Willing identified himself and his partner as "Police Department" and asked the suspects to come to the door; they did so.

The male gave his name as Robert Paul Ward; the female gave hers as Casey Michelle Landis, an identification confirmed by a booking record and photograph from the Yuba County Sheriff's Department. The suspects claimed to be renting the premises but produced no supporting evidence. (Located after defendant's arrest, the owner stated the premises were uninhabitable and undergoing remodeling, he had not rented them, no one had permission to live there, and he did not know the persons the officers found there.)

A records check by dispatch located a match for "Ward," but the physical description did not fit the male suspect. Dispatch advised Officer Willing that Yuba County Jail and Sutter County Jail had no tattoo information on "Ward." Officer Willing told the suspect that his identity needed to be verified and the officers would not leave

4

until that was done. The suspect said "okay" but insisted he had already given his correct name. He denied having been arrested in Yuba or Sutter County.

Believing the suspect was lying about his identity, Officer Willing handcuffed him. Asked his name again, the suspect identified himself as William Stanley Paul Roseberry (defendant).[2] Officer Claar now recognized him from having seen him in court recently, and Officer Willing later verified his identity with a booking photograph and tattoo information. A records check revealed defendant's Sutter County probation and California Department of Corrections and Rehabilitation parole status.

After defendant waived his *Miranda* rights, [3] Officer Willing questioned him about Landis's wallet and purse and their contents, but defendant denied any wrongdoing. Officer Willing transported him to the jail and booked him for violating section 148.9, subdivision (a). Based on the officer's later discussion with the owner of the trespassed property, he added the charge of violating section 602.5, subdivision (a) (unauthorized entry of dwelling).

At the probation revocation hearing, defense counsel argued that defendant and Landis were homeless and looking for a place to stay. Defendant had "just made honest contacts with law enforcement on two previous occasions in the 42 previous days and both of them result[ed] in him being arrested and placed into custody on cases that were ultimately dismissed for being either stale or untrue." Defendant had not given a false

---

[2]  When Officer Willing called a phone number defendant gave him, Robert Keith Ward answered. He is defendant's cousin. Asked if defendant was supposed to have a MasterCard in Ward's name, which the officers had found among Landis's possessions, Ward said no; he had applied for the card but never received it.

  Landis was defendant's girlfriend (and the alleged victim in the underlying case against defendant). Her wallet and purse contained numerous pieces of paperwork and two completed checks with names other than hers and defendant's.

[3]  *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

identity on either prior occasion. This time, however, he was thinking about protecting Landis, who would be left homeless and alone if he were arrested again. In any event, after defendant's "momentary [section] 148.9," he eventually gave his true name. Unlike "other [section] 148.9s where they are taken down and fingerprinted" before admitting their real identities, in this case defendant's violation was "brief and it wasn't relied on and he changed his story. He did eventually give the appropriate name and it did not interfere with the officers' operation or interfere with the arrest in any shape or form or the conduct of this investigation and I'll submit on that, Your Honor." Counsel did not challenge the legality of defendant's detention.

The trial court ruled: "[T]his is not a case where a false name is given and then the officer challenges the person and the person immediately acknowledges that they gave a false name; that would be different.

"In this case there is some work that goes on and dispatch in Sutter County and Yuba County is contacted with regard to tattoo information for Mr. Ward and dispatch is spoken to and other officers are spoken to, and I don't know how long it went on but it was certainly more than momentary.

"[Section] 148.9 of the Penal Code does state that the defendant in order to be found guilty, a defendant would falsely represent himself or identify himself as another person or as a fictitious person to any peace officer upon a lawful detention or arrest either to evade the process of the court or to evade the proper identification of the person by the investigating officer.

"Based upon the report that I read this was a legitimate contact. Even if [defendant] may not have been guilty of the reported crime, but the officer legitimately had contact with him, legitimately asked for his name and [defendant] I find by a preponderance of the evidence gave somebody else's name and he did so in order to evade proper identification, and it appears that he did that so he would not be arrested on either some other warrant and have the same experience that he had in Colusa and Yuba

6

County or that he wouldn't be arrested on a warrant that may have been issued by the Sutter County Probation Department by this time because of his perceived failure to report. So as to Count I, the Court does find [defendant] in violation of his probation."

On appeal, defendant claims for the first time that the requirements of section 148.9 were not satisfied because there was no "lawful detention or arrest" when he falsely identified himself to Officer Willing. In his opening brief, defendant asserts there was no evidence of any outstanding warrants for his arrest. In his reply brief, he asserts further that he was not detained when he misidentified himself because his encounter with the officer was consensual until the officer handcuffed him, after which he immediately gave his true name. Since defendant did not raise these arguments below, they are arguably forfeited. But even if properly before us, they lack merit.

When a police officer has objectively reasonable grounds for suspicion that a person is involved in criminal activity, he or she may perform a brief investigative detention of that person without a warrant. (*People v. Hernandez* (2008) 45 Cal.4th 295, 299; *In re Tony C.* (1978) 21 Cal.3d 888, 892-893.) That is what happened here.

Officer Willing, responding to a report that a male and a female had entered an abandoned residence without apparent authorization, saw defendant and Landis inside and demanded they open the door. After they identified themselves, Officer Willing investigated further by initiating a records check on the names they gave him and by inquiring into whether they had any lawful basis to be on the property. At no time did the officer state or imply by his conduct that defendant could refuse to answer his questions and walk away. On the contrary, once the officer learned that the records check had failed to confirm defendant's alleged identity, the officer told defendant that his real identity had to be determined and the officers would not leave until that had happened. Defendant's encounter with the officers was not consensual at any point. Therefore, his reliance on *In re Voeurn O.* (1995) 35 Cal.App.4th 793, in which the appellate court

reversed a conviction under section 148.9 because the defendant falsely identified himself to police officers during a consensual encounter, is misplaced.

Furthermore, it is immaterial whether there were outstanding warrants for defendant's arrest when he was detained. Although section 148.9 may be violated with the intent "to evade the process of the court," that intent is not required: the offense may also be committed with the intent to "evade the proper identification of the person by the investigating officer." That intent was established here.

Finally, it is immaterial that defendant gave his real name once he had been handcuffed. Section 148.9 on its face does not provide a defense where a defendant admits his true identity only after his attempt to "evade [his] proper identification . . . by the investigating officer" has failed, and defendant cites no authority so construing the statute.

Defendant has shown no abuse of discretion in the trial court's decision to revoke probation.

## DISPOSITION

The order revoking probation and imposing defendant's previously suspended sentence is affirmed.

                                       RAYE        , P. J.


We concur:


        BLEASE      , J.


        DUARTE     , J.

8