Filed 2/21/23 P. v. Villarreal CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MONIQUE AVILA VILLARREAL,<br><br>    Defendant and Appellant. | 2d Crim. No. B321588<br>(Super. Ct. No. 2016035496)<br>(Ventura County) |

Monique Avila Villarreal appeals an order revoking her grant of probation and ordering execution of her previously imposed term of imprisonment. We conclude that the trial court did not abuse its discretion by revoking probation and ordering Villarreal to serve the suspended sentence.

This appeal concerns Villarreal's guilty plea to kidnapping with an admission that the victim was a minor under 14 years. (Pen. Code, §§ 207, subd. (a), 208, subd. (b).)[1] The trial court granted Villarreal 36 months of formal probation with terms and

---

[1] All statutory references are to the Penal Code.

conditions and it suspended execution of an eight-year prison term.  During the probation period, Villarreal repeatedly tested positive for methamphetamine use, failed to appear for drug testing, and did not appear for probation appointments.  Following an evidentiary hearing, the court revoked probation.  Villarreal now appeals and asserts that the court abused its discretion by the revocation.  We reject that contention and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On September 28, 2016, Villarreal's 15-year-old son V. engaged in a street fight with 14-year-old N.  Following the altercation, V. informed Villarreal of the incident.  Villarreal and her minor daughter J. then sought out N.  They approached him along with his girlfriend Julie S. and another friend.  Villarreal attempted to physically pull N. into her home so that the fight could continue.  N. and the other minors ran away.

Villarreal and her daughter J. then drove in the area looking for N.  They found Julie S. walking with another friend.  Villarreal ordered Julie S. into the vehicle.  J. left the vehicle and positioned herself behind Julie S., stating, "Get in the fucking car!  You're not leaving until we find [N.]!"  Fearful, Julie S. entered the vehicle.  Villarreal drove through the area but did not locate N.  Eventually, she allowed Julie S. to leave the vehicle and walk home.

Police officers later arrested Villarreal and her daughter at their residence.  Officers also searched Villarreal's vehicle and found a serrated blade kitchen knife, a serrated blade folding knife, and a large metal screwdriver.

On July 14, 2020, Villarreal pleaded guilty to kidnapping and admitted that the victim was under the age of 14 years.

(§§ 207, subd. (a), 208, subd. (b).)  The court imposed an eight-year prison midterm, suspended execution of sentence, and granted Villarreal 36 months of formal probation with terms and conditions.

*Violations of Probation*

On March 4, 2022, the probation officer filed a notice of charges alleging that Villarreal used methamphetamine, did not attend her drug treatment program or participate in random drug testing, absconded from probation for approximately eight months (June 2, 2021, through February 25, 2022), and failed to pay her restitution fine.  The probation officer concluded that Villarreal was "entrenched in the drug lifestyle."

At the probation revocation hearing, Probation Officer Patty Ortiz testified that Villarreal tested positive for methamphetamine use on three occasions and twice signed a statement admitting methamphetamine use.  Following her completion of an initial drug treatment program, Villarreal failed to report to the probation department on six occasions.  At other times, probation officers were unsuccessful contacting Villarreal at her residence.  Villarreal began but then abandoned a second drug treatment program because she had "issues" with the program.

In ruling, the trial court explained that it reviewed the circumstances of Villarreal's criminal offense and the summary of her (lengthy) criminal and drug history in the probation report. The trial judge then stated:  "I would feel very differently about this case if [Villarreal] missed a test or two and then tried to take care of it.  That's not what we have here. We have months and months and months of her not doing what she's supposed to do, despite knowing what the major consequences would be."  The

3

court then revoked probation and imposed the eight-year midterm sentence.

Villarreal appeals and contends that the trial court abused its discretion by not permitting her to participate in another drug treatment program.

*DISCUSSION*

Villarreal asserts that the trial court's decision was unreasonable because she had the ability and willingness to complete another inpatient drug treatment program. She points out that she observed the law during her probation period and contends that she did not present a risk to the community. Villarreal adds that she recently experienced the death of a child and a sibling and is addicted to methamphetamine.

A denial or a grant of probation rests within the trial court's discretion and its decision will not be reversed on appeal unless it is arbitrary or unreasonable. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909 [sentencing choices including whether to reinstate probation or sentence a defendant to prison are reviewed for abuse of discretion].) Probation is an act of clemency and great deference is accorded the court's decision. (*People v. Urke* (2011) 197 Cal.App.4th 766, 772-773.) On appeal, the defendant bears the burden of demonstrating an abuse of discretion. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

Section 1203.2 permits the trial court to terminate probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision." (*Id.* at subd. (a).) The court may revoke probation upon its own motion or upon a petition by the probation officer. (*Id.* at subd. (b)(1).) The

4

facts supporting revocation of probation may be established by a preponderance of the evidence. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982.) Upon revocation and termination of probation, if the judgment has been pronounced and the execution has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect. (§ 1203.2, subd. (c).)

The trial court did not abuse its discretion by revoking Villarreal's probation. By her conduct during the probation period, Villarreal did not display a commitment to obeying the terms and conditions of her probation. She continued to use methamphetamine, did not appear for drug testing, and failed to report to her probation officer for a period of eight months. She left another drug treatment program because she had "issues" with the program. Villarreal was also convicted of misdemeanor criminal offenses following her 2016 arrest for kidnapping Julie S.

Moreover, Villarreal's criminal history began in 2000 and continued thereafter, including driving under the influence and drug crimes. Villarreal received earlier grants of probation (2011) or diversion (2019) for prior criminal convictions and violated those terms and conditions. The trial court's decision to revoke probation is reasonable and not arbitrary. (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1316 [defendant's repeated failure to comply with probation terms supported revocation of probation].)

*DISPOSITION*

We affirm the order revoking probation and imposing the suspended sentence.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

6

Ryan J. Wright, Judge

Superior Court County of Ventura

––––––––––––––––––––––––––––

Christina J. Alvarez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.