Filed 3/20/25  P. v. Rogers CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　v.<br><br>KEITH LAMAR ROGERS,<br><br>　　Defendant and Appellant. | D083905<br><br><br>(Super. Ct. No. SCS323318) |

APPEAL from a judgment of the Superior Court of San Diego County, Enrique Camarena, Judge.  Affirmed.

Jared G. Coleman for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Keith Lamar Rogers pleaded guilty to one count of failure to register as a sex offender and was placed on formal probation for two years subject to a condition that he submit to polygraph testing at the direction of his probation officer. Upon Rogers' release from custody, he went into a polygraph service provider's office at the instruction of his probation officer. However, he refused to sign a standard release form necessary to receive polygraph testing, told the office manager he neither wanted nor needed to submit to polygraph testing, and was asked to leave the office due to his aggressive and disruptive demeanor. The trial court found Rogers violated his polygraph testing probation condition, revoked probation, declined to reinstate probation, and sentenced him to state prison for two years.

On appeal from the judgment of conviction, Rogers contends the trial court abused its discretion when it revoked and declined to reinstate his probation. He claims: (1) there was insufficient evidence to support the court's finding that he violated his polygraph testing probation condition; and (2) assuming a violation of the probation condition, the court nonetheless abused its discretion because the violation was de minimis. We reject these arguments and affirm the judgment.

# II

# BACKGROUND

## A. *Probation Sentence*

Rogers is subject to a mandatory lifetime sex offender registration requirement. He is required to reregister as a sex offender within five working days upon his release after spending more than 30 days in custody.

In 2022, the district attorney filed a felony complaint against Rogers alleging he willfully and unlawfully failed to register as a sex offender within five working days upon his release from jail in violation of Penal Code section 290.018, subdivision (b).[1] Rogers pleaded guilty to the charge pursuant to a plea agreement with a stipulated sentence of formal probation and 365 days in local custody.

The trial court accepted the plea, suspended imposition of the sentence, and placed Rogers on formal probation for two years with a custodial term of 365 days and 100 credits for time served. Rogers completed the remainder of his custodial term and was released from jail.

B. *Probation Revocation*

One of the conditions of Rogers' probation (hereafter, Condition 10(h)) required him to "[u]ndergo periodic polygraph examinations at the direction of the [probation officer] with the results of those tests released to the [probation officer]." Condition 10(h) stated that the "[p]olygraph questions shall be limited to items which are relevant to the crime(s) for which the defendant was convicted and shall assist with supervision, treatment, and rehabilitative efforts." (Underscoring omitted.)

About seven months after his release from custody, Rogers met with his probation officer and was instructed to complete a polygraph test in accordance with Condition 10(h). When Rogers met with his probation officer two weeks later, he had not yet completed the polygraph testing. Rogers' probation officer reminded him to complete the polygraph testing and instructed him to provide the test results within the next few days. The probation officer directed Rogers to polygraph service providers and gave him bus passes to defray transportation costs. He also informed Rogers he needed

---

[1]     Further undesignated statutory references are to the Penal Code.

to complete the polygraph testing and return with the test results, or else he would be in "direction violation" of Condition 10(h).

A few days later, Rogers went into the office of one of the recommended polygraph service providers. The office manager gave Rogers a standard release form to sign, but he became agitated and refused to sign it. The office manager advised Rogers several times he needed to sign the release form to take a polygraph test. However, Rogers repeatedly refused to sign the release form. He became increasingly agitated and told the office staff he neither wanted nor needed to sign the paperwork or take the polygraph test. According to the office manager, Rogers moved aggressively towards her and acted in a "violent" and "offensive" manner. The interaction lasted between 15 and 20 minutes, at which point Rogers left the office at the office manager's request.

The office manager alerted Rogers' probation officer about his refusal to sign the release form or take the polygraph test. Rogers was rearrested and the probation department issued a notice to show cause why probation should not be revoked or modified based on Rogers' violation of Condition 10(h). The trial court set a probation revocation hearing.

At the hearing, the parties elicited testimony from Rogers' probation officer and the office manager from the polygraph service provider. At the end of the hearing, the court formally revoked probation, declined to reinstate probation, and sentenced Rogers to prison for the middle term of two years with 737 credits for time served. Rogers was released from custody because his credits exceeded the custodial term imposed.

4

III

DISCUSSION

A. *Legal Principles*

"Following a defendant's conviction of a crime, the sentencing court may choose among a variety of dispositional options.  One option is to release the offender on probation.  'Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation.'  [Citation.]  A grant of probation is 'qualitatively different from such traditional forms of punishment as fines or imprisonment.  Probation is neither "punishment" (see § 15) nor a criminal "judgment" (see § 1445).  Instead, courts deem probation an act of clemency in lieu of punishment [citation], and its primary purpose is rehabilitative in nature [citation].'  [Citation.]  Accordingly, … a grant of probation is an act of grace or clemency, and an offender has no right or privilege to be granted such release.  [Citation.]  Stated differently, '[p]robation is not a right, but a privilege.' "  (*People v. Moran* (2016) 1 Cal.5th 398, 402 (*Moran*).)

"When an offender chooses probation, thereby avoiding incarceration, state law authorizes the sentencing court to impose conditions on such release that are 'fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and … for the reformation and rehabilitation of the probationer.' "  (*Moran, supra*, 1 Cal.5th at pp. 402–403, citing § 1203.1, subd. (j).)  In the present case, the court imposed Condition 10(h), the polygraph testing requirement, as a condition of Rogers' probation.

Section 1203.2, subdivision (a), authorizes a trial court to revoke and terminate probation "if the interests of justice so require and the court, in its judgment, has reason to believe … that the person has violated any of the

5

conditions of their [probation]." "Revocation of probation typically requires proof that the probation violation was willful." (*People v. Hall* (2017) 2 Cal.5th 494, 498; see *People v. Moore* (2012) 211 Cal.App.4th 1179, 1186 ["a trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation"].) "The facts supporting a probation revocation must be proved by a preponderance of the evidence." (*People v. Gray* (2023) 15 Cal.5th 152, 163.)

A "decision to revoke probation when the defendant fails to comply with its terms rests within the broad discretion of the trial court." (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1267.) "[U]pon finding a violation of probation and revoking probation, the court has several sentencing options. [Citation.] It may reinstate probation on the same terms, reinstate probation with modified terms, or terminate probation and sentence the defendant to state prison." (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420; see *People v. Hawthorne* (1991) 226 Cal.App.3d 789, 792 ["When the trial court decide[s] to revoke defendant's probation, it ha[s] the option of either placing defendant on probation once again, on the same or modified conditions, or terminating probation and sentencing defendant to state prison."].)

A trial court order revoking probation or declining to reinstate probation will "not be disturbed under the abuse of discretion standard unless it is arbitrary or capricious, applies the wrong legal standard, or is based on factual findings unsupported by substantial evidence." (*People v. Dauterman* (2024) 104 Cal.App.5th 603, 612.) "Substantial evidence is evidence that is reasonable, credible, and of solid value." (*People v. Buell* (2017) 16 Cal.App.5th 682, 687.) " ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation." ' " (*People v Urke* (2011) 197 Cal.App.4th

766, 773.)  "[T]he burden of demonstrating an abuse of the trial court's discretion rests squarely on the [appellant]."  (*Ibid.*)

B. *The Trial Court Did Not Abuse its Discretion When it Revoked Probation and Sentenced Rogers to Prison*

Rogers contends the trial court abused its discretion by revoking and declining to reinstate probation because substantial evidence did not support the court's finding that he willfully violated Condition 10(h).  According to Rogers, the evidence revealed nothing more than a mere "miscommunication" about whether he needed to complete the release form to obtain polygraph testing and, in any event, he refused only to sign the release form, not to comply with the polygraph testing requirement.

Substantial evidence from the probation revocation hearing established that Rogers—fully apprised of the necessity of filling out the release form—willfully refused to submit to polygraph testing as ordered by his probation officer.  At the hearing, Rogers' probation officer testified that he told Rogers he must complete the polygraph test and return with the test results, or he would be in "direction violation" of Condition 10(h).  The polygraph service provider's office manager, in turn, testified that she told Rogers he "needed to sign his release [form] in order to take [the] polygraph test" ordered by his probation officer.  Further, she testified she instructed Rogers multiple times her staff would not be able to administer polygraph testing unless he signed the release form.  This constitutes substantial evidence dispelling any notion that Rogers' refusal to comply with Condition 10(h) was the result of an inadvertent "miscommunication" about the necessity of the release form.

Substantial evidence also refutes Rogers' claim that he objected only to the release form, rather than the underlying polygraph testing.  As noted, the office manager testified she told Rogers the release form was a prerequisite to the administration of polygraph testing.  Further, no evidence was

7

presented—and no suggestion is made on appeal—that Rogers objected to the release form because he believed its contents were problematic in any way. Taken together, this gives rise to a reasonable inference that Rogers objected to the polygraph testing, not merely the paperwork he needed to sign to obtain the testing. In fact, Rogers himself vocalized his opposition to the underlying polygraph testing during his contentious confrontation with the office manager. According to the office manager, Rogers claimed he "didn't want to take the polygraph" and "didn't have to take a polygraph." This testimony amply supported the trial court's finding that Rogers willfully refused to submit to polygraph testing in violation of Condition 10(h).

Rogers also argues the trial court acted arbitrarily and capriciously because his failure to satisfy Condition 10(h) was a "de minimis" violation resulting from a "misunderstanding" about the polygraph testing consent form. However, as discussed, substantial evidence supported a contrary finding that Rogers' violation was deliberate. Further, the court gave careful consideration to various factors bearing on its probation revocation and reinstatement decision. It observed that Rogers had been sentenced to five prior prison terms and had a "lengthy" history of violating the Sex Offender Registration Act. The court also noted that Rogers had 20 prior sustained parole violations, as well as past probation violations. In light of Rogers' extensive criminal history, his unsatisfactory parole and probation performance, and his willful violation of Condition 10(h), the court acted well within its discretion when it terminated probation. (§ 1203.2, subd. (a) [probation may be terminated "if the interests of justice so require and … the [probationer] has violated any of the conditions" of probation]; *People v. Downey* (2000) 82 Cal.App.4th 899, 910 [court properly declined to reinstate probation where it "gave a lengthy and reasoned explanation for its sentence

8

choice, resting the decision not to [again] reinstate probation on [appellant's] demonstrated lack of commitment to carrying out the terms and conditions of his probationary grant"]; *People v. Jones* (1990) 224 Cal.App.3d 1309, 1316 ["Defendant's previous failures to comply with the terms of probation … constitutes a sufficient reason for refusing to place her on probation once again."].)

IV

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

DATO, J.

9