Filed 9/22/21  P. v. Hattan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARTH TODD HATTAN,<br><br>    Defendant and Appellant. | H046904<br>(Monterey County<br>Super. Ct. No. SS170561) |

Defendant Garth Hattan was granted probation with execution of a prison sentence suspended after pleading no contest to one count of possessing methamphetamine for sale and admitting a prior conviction.  When he violated probation, the trial court ordered the prison sentence executed.  Defendant contends the court abused its discretion by executing the sentence without considering whether to reinstate probation.  He also contends he is entitled to retroactive application of ameliorative legislation that would reduce his sentence.  We find no abuse of discretion in terminating defendant's probation.  He is, however, entitled to application of the later-enacted legislation.  We will therefore order the judgment modified to strike the prior conviction enhancement, the narcotics offender registration requirement, and certain fees.  We will affirm the judgment as modified.

## I.  BACKGROUND

Defendant pleaded no contest in 2017 to possessing methamphetamine for sale (Health & Saf. Code § 11378) and admitted a prior controlled substance conviction

(Health & Saf. Code § 11370.2, subd. (c)). Under a negotiated disposition, defendant was to be granted probation for three years with execution of a five-year prison term suspended (three years for the substantive offense and a consecutive two years for the prior conviction enhancement). Before defendant entered his plea, the trial court warned him, "And I want you to be clear, if you have any violation, any violation whatsoever, it is likely you will go to state prison. Very, very, very likely. Do you understand that?" The court further advised, "If you violate probation, you can expect to be sentenced [sic] to state prison for a period of five years on the first violation." When defendant appeared for sentencing, consistent with the negotiated disposition he was granted probation with execution of a five-year prison term suspended. The trial court commented: "I do what I say and I say what I mean. If you violate, I'm sending you to state prison. It's not even a close call."

About a year and a half later, defendant violated his probation by testing positive for methamphetamine and being arrested for using it. The district attorney petitioned for revocation of defendant's probation. Defendant admitted the violation but argued probation should be reinstated because the violation was an isolated mistake for which he was remorseful. He submitted letters from community members expressing support for him. The probation department's recommendation was to terminate probation and send defendant to prison, and the District Attorney asked the court to follow that recommendation.

The trial court executed the suspended five-year prison term, telling defendant, "Sir, I agree with the People. In these kinds of cases, especially with an ESS, it's likely you should have been sent to prison at the time of the original sentencing based on your criminal history. [¶] I no longer find you're suitable for continued treatment on probation. Probation is revoked and terminated. [¶] The court imposes [sic] the previously suspended prison term of five years."

2

## II. DISCUSSION

### A. NO ABUSE OF DISCRETION IN TERMINATING PROBATION

Defendant contends the trial court abused its discretion by terminating his probation and executing the suspended prison sentence. He argues that the judge's comments at the time of his no contest plea—for instance, that it was "very, very, very likely" he would be sent to prison for any probation violation—demonstrate the court predetermined the outcome of a violation and acted on that predetermination rather than based on an informed exercise of discretion. He alternatively argues the court was unaware of the scope of its sentencing discretion when execution of a prison sentence had previously been suspended.

We first note defendant has forfeited the issue. No objection was made when the trial court executed the sentence nor was there any argument suggesting the court predetermined the outcome. Had such an objection been raised, the trial court could have explained in more detail its considerations in exercising its discretion. Depriving the trial court of that opportunity forfeits the claim on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 356.) We will nonetheless address the issue on its merits because it is a claim of sentencing error that implicates defendant's substantial rights. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1311.)

A trial court has broad discretion in criminal sentencing, including the treatment of probation violations. (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1421.) On proof of a violation, the court may either reinstate probation on the same terms, reinstate it with modified terms, or terminate it and sentence the defendant to state prison. (*Ibid.*) A trial court abuses its discretion by predetermining an outcome, as the failure to exercise discretion is itself an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) It likewise constitutes an abuse of discretion when a court makes a decision unaware of the discretion it has. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.) But a defendant attacking a sentence on appeal has the burden to affirmatively demonstrate

3

the trial court misunderstood its discretion or otherwise abused it. (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) Absent such a showing, we presume the trial court fully understood the scope of its discretion and acted in conformity with the law. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) On this record, defendant has not overcome that presumption.

We acknowledge one of the trial court's comments at sentencing, viewed in isolation, could be interpreted to suggest it would not exercise discretion in the event of a probation violation: "I do what I say and I say what I mean. If you violate, I'm sending you to state prison. It's not even a close call." But a review of all the court's comments in the context of the entire record do not indicate a failure to exercise discretion. At the hearing on the probation violation, the court expressly stated it had considered the arguments from both sides, and it then made an express finding supporting the decision to terminate probation: "Sir, I agree with the People. In these kinds of cases, especially with an ESS, it's likely you should have been sent to prison at the time of the original sentencing based on your criminal history. [¶] I no longer find you're suitable for continued treatment in probation. Probation is revoked and terminated." We caution that a trial court must take care to avoid creating the impression that a sentencing decision has been predetermined, even when intending to deter a defendant from violating probation and facing the attendant risk of state prison. But here defendant has not overcome the presumption that the trial court acted in conformity with the law when it terminated his probation.

Nor do we see merit in defendant's alternative argument that the trial court was unaware it had discretion to reinstate probation upon a violation when execution of a sentence is suspended. The court's comments indicate it understood a prison sentence was not mandatory on a violation, but rather that it was a likely outcome: "And I want you to be clear, if you have any violation, any violation whatsoever, it is likely you will go to state prison. Very, very, very likely." (See *People v. Medina* (2001)

4

89 Cal.App.4th 318, 323 ["[W]hen a judge suspends execution of a prison term, the message being conveyed is that the defendant is on the verge of a particular prison commitment."].)

### B. AMELIORATIVE SENTENCING LEGISLATION APPLIES RETROACTIVELY

Defendant seeks retroactive application of several ameliorative changes in the law that took effect after his initial grant of probation. We agree that the relevant legislation applies retroactively here. "When a statute is amended to reduce the punishment for a criminal act, it is presumed that the Legislature intended the lighter penalty to apply retroactively 'to every case to which it constitutionally could apply.' " (*People v. Lopez* (2020) 57 Cal.App.5th 409, 413, quoting *In re Estrada* (1965) 63 Cal.2d 740, 745.) Retroactive application is constitutionally permissible so long as the judgment in the case in question is not yet final, and it does not constitute a final judgment when a defendant is placed on probation with execution of a prison sentence suspended. (*People v. Esquivel* (2021) 11 Cal.5th 671, 678.) The judgment in a case where a suspended sentence is later executed becomes final only after the defendant has exhausted all opportunity for direct appellate review of the order executing the sentence. (*Ibid.*) Defendant's judgment is therefore not yet final and we will apply the new legislation as described below.

### 1. Prior Controlled Substance Conviction Enhancement

Defendant accepted a disposition that included two years in state prison based on his admission of a prior controlled substance conviction. (See former Health and Safety Code section 11370.2, subdivision (c).) Effective January 1, 2018, the Legislature amended Health and Safety Code section 11370.2 to make the enhancement applicable only to prior convictions for inducing a minor to commit a controlled substance offense. (S.B. 180, 2017-2018 Reg. Session.) The enhancement no longer applies to the prior convictions admitted by defendant. We will therefore strike from the judgment the Health and Safety Code section 11370.2, subdivision (c) enhancement and the two-year prison term imposed for it.

5

The parties inform us defendant has completed the prison term to which he was sentenced. The Attorney General concedes that because defendant served additional prison time beyond what is authorized under the new legislation, he is entitled under Penal Code section 2900.5 to have the additional time credited against the $50 drug laboratory fee and $150 drug program fee he was ordered to pay. (See *People v. Petri* (2020) 45 Cal.App.5th 82, 92.) We agree the credit for the additional time served is sufficient to satisfy the amounts owed, and will order the judgment modified to reflect that those fees have been satisfied.

### 2. Narcotics Offender Registration Requirement

At the time defendant pleaded no contest to possessing a controlled substance for sale, Health and Safety Code section 11590 required anyone convicted of that offense to register as a narcotics offender with law enforcement. Effective January 1, 2020, the Legislature repealed that statute. (Assem. Bill No. 1261 (2019–2020 Reg. Session).) As defendant is no longer subject to that requirement and his judgment is not yet final, we will modify the judgment to delete the narcotics registration requirement. (See *People v. Pinedo* (2021) 66 Cal.App.5th 608.)

### 3. Probation Report Fees

Effective July 1, 2021, Penal Code section 1465.9 repealed certain statutorily required criminal conviction fees, including fees for the cost of preparing a probation report and monthly probation supervision fees (provided for by former Penal Code section 1203.1b). Defendant was ordered to pay a probation report preparation fee and a probation supervision fee; he contends those orders should be stricken based on recently enacted Penal Code section 1465.9. The Attorney General contends that since the new legislation became effective on July 1, 2021, it applies only to fees imposed after that date and does not affect fees that were authorized at the time they were imposed.

Penal Code section 1465.9, provides: "(a) On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5,

6

Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. (b) This section shall become operative on July 1, 2021." The Attorney General's interpretation is not consistent with the statutory text. Rather, the plain language of the statute requires that the laws providing for certain fees (including the probation costs imposed on defendant) are no longer enforceable and that "any portion of a judgment imposing those costs shall be vacated."

The language of the statute is mandatory, and requires two things: (1) defendant cannot be charged such fees in the future and any fees already charged are not collectible; and (2) the portion of the judgment imposing the fees must be vacated. (*People v. Clark* (2021) 67 Cal.App.5th 248.) In compliance with the statutory requirement that any portion of a judgment imposing the repealed fees be vacated, we will strike the order requiring payment of probation costs under Penal Code section 1203.1b.

### III.   DISPOSITION

The judgment is modified to (1) strike the Health and Safety Code section 11370.2, subdivision (c) sentencing enhancement and the associated two-year prison term; (2) strike the Health and Safety Code section 11590 narcotics offender registration requirement; (3) reflect that the $50 laboratory fee and $150 drug program fee have been satisfied; and (4) strike the probation report fee and monthly supervision fee imposed under Penal Code section 1203.1b.

The Clerk of the Superior Court is ordered to amend the abstract of judgment to conform to those modifications. As modified, the judgment is affirmed.

7

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H046904 -** *The People v. Hattan*